McNULTY, Chief Judge.
The one question meriting discussion in this personal injury action is whether the court erred in excluding certain evidence proffered by defendants-appellants. We think not and affirm.
In November 1969 plaintiff-appellee, while driving his employer’s truck in the course of his employment, was involved in the automobile accident which forms the subject matter of this suit against the alleged third-party tortfeasor. No hospitalization nor medical aid was sought or given at that time for any injuries allegedly sustained by appellee as a result of the accident.
Approximately sixteen months later he slipped and fell, again while in the course of his employment, and four months thereafter had to undergo a cervical laminecto-my to correct a trauma-caused condition then found to exist. While appellee testified that he suffered pain and some disability after the automobile accident, although as far as can be gleaned from the evidence he did not miss any work because of it, following the on-the-job fall he was unable to work for approximately a month preceding the aforesaid laminectomy.
Obviously, the paramount issue in this case, apart from liability, was whether the injuries ultimately suffered were caused by the automobile accident of November 1969, of which there was some competent medical evidence, or by the fall in March 1971. At trial, which resulted in an $18,400 judgment in favor of appellee, defendants-appellants sought to present as the sole witness in their case-in-chief one Foster, an adjuster for appellee’s employer’s workmen’s compensation carrier. Foster’s prof *574 fered testimony, excluded by the court as indicated, would have been to the effect that no compensation claim was made by appellee until June 1971, almost three months after the on-the-job fall.
At first blush, it would seem that Foster’s proffered testimony was clearly relevant to the principal defense, viz., that most if not all of appellee’s injuries resulted from the fall rather than from the automobile accident sued on. It appears relevant for the reason that a workmen’s compensation claim would surely have been viable following the automobile accident since any alleged injuries sustained therein were sustained in the course of appellee’s employment. The fact that no such claim was made until after the on-the-job fall, therefore, would apparently be corroborative, to the extent a jury may determine, of the defense that the injuries now complained of were not caused in the first accident.
But this is illusory. To begin with, the failure to file a compensation claim until after the on-the-job fall is merely a circumstance ; and it is rudimentary that circumstantial evidence is only competent and admissible if it tends to establish one relevant fact to the exclusion of another. If it is equally susceptible of two opposing inferences it is probative of neither; and its value, or competence, as evidence is therefore nil.
Here, appellee incurred no medical expenses prior to the on-the-job fall nor, as indicated, does it appear that he lost any compensable time off from work prior to that time. He could not properly, then, have made a compensation claim prior to the on-the-job fall. It follows, therefore, that the circumstance of his not having made such a claim until after that time is no more probative of a defense that he wasn’t injured at all in the first accident than it is of the fact that he was indeed injured in that accident but that the seriousness or debilitating effect of such injuries did not come to fruition until after the on-the-job fall. Accordingly, the court was correct in excluding the proffer for the reason that, under the peculiar facts relied upon for its predicate, it tended to prove nothing and was thus incompetent and inadmissible circumstantial evidence.
In view whereof, the judgment appealed from should be, and it is hereby, affirmed.
GRIMES and SCHEB, JJ., concur.