379 So.2d 700 (1980)
Rosalind RODGERS, Appellant,
v.
AUTO-OWNERS INSURANCE COMPANY, a Corporation, Appellee.
No. 79-609.
District Court of Appeal of Florida, Second District.
February 6, 1980.
Craig M. Spanjers of Stanley, Wines, Williams & Smith, Auburndale, for appellant.
John W. Berry of Bernstein, Sherr, Hodges, Lancer & Vandroff, Sarasota, for appellee.
SCHEB, Judge.
Appellant, Rosalind Rodgers, sued Auto-Owners Insurance Company, alleging that Auto-Owners breached its fire insurance contract by refusing to pay her claim for fire damages. At the conclusion of a jury trial, Rodgers moved for a directed verdict. The trial court denied her motion and the jury returned a verdict for Auto-Owners. Rodgers appeals contending the trial court erred in denying her motion. She argues that Auto-Owners failed to establish its defense that after her loss she made a material misrepresentation by denying knowledge of the origin of the fire. We agree and reverse.
In February 1977 a fire caused substantial damage to the building containing Rodgers' residence and antique shop which were insured by Auto-Owners. Rodgers filed a claim, but Auto-Owners, after completing its investigation, refused to pay and Rodgers sued.
Although Auto-Owners did not interpose a defense of arson, it offered expert testimony of a state fire investigator that the *701 fire was intentionally set. While it offered no direct evidence connecting Rodgers with the alleged arson, Auto-Owners produced circumstantial evidence which it contends was sufficient to enable the jury to conclude that Rodgers had knowledge of an impending fire. It maintained, therefore, that when Rodgers swore in her proof of loss that she had no knowledge of the origin of the fire that she made a material misrepresentation which voided coverage under the policy.[1] Rodgers argues that the trial court erred in denying her motion for a directed verdict because the circumstantial evidence relied upon by Auto-Owners was insufficient as a matter of law to establish that she had knowledge of the origin of the fire.
Auto-Owners introduced evidence that Rodgers' policy was scheduled to lapse for nonpayment of premium on the morning following the fire. In response to a notice from Auto-Owners that payment was due, Rodgers called her insurance agent on the day prior to the fire and obtained an extension of time to pay her premium. The insurance company also established that in November 1976 and February 1977, Rodgers rented two large storage bins at a nearby warehouse and that a few weeks before the fire she placed a considerable number of items, including some of personal and sentimental value, in the bins. Further, Auto-Owners presented a witness who had helped Rodgers move items to the storage bins a few weeks before the fire. He testified that one bin was full following the move. Yet, Auto-Owners introduced photographs of the bin taken after the fire showing that it was not full. Additionally, the insurance company noted that Rodgers had apparently removed some of her personal papers from the building prior to the fire and that a few days after the fire she had negotiated a $1,000 bank loan. Auto-Owners next introduced a letter which Rodgers had written to her business partner about six weeks after the fire. In the letter Rodgers mentioned plans to rebuild the structure and to construct an addition to it. Finally, the insurance company showed an increase in the value of merchandise on hand at the store just prior to the fire.
Auto-Owners also emphasized two inconsistencies in Rodgers' testimony which it considered crucial. First, Rodgers made a sworn statement to the company after the fire that she had not returned to her storage bins at the warehouse until about five months after the fire when she returned with adjusters for Auto-Owners. At trial, Auto-Owners called a clerk from the warehouse who testified that Rodgers had returned after the fire. Rodgers admitted that she may have gone to the warehouse after the fire but maintained that, if so, she had returned only to pay the rent and did not enter the bins. Second, Rodgers categorically denied burning any items at her premises in a pretrial discovery deposition. At trial Auto-Owners introduced a letter that Rodgers wrote to her business partner in April 1977 in which she asked him what she was to do with the "merchandise you forced me to discard, give away and burn up." Rodgers treated this inconsistency as trivial, maintaining that she had merely burned some artificial flowers in the back yard at the premises.
Auto-Owners argues that the totality of these circumstances was legally sufficient to enable the jury to conclude that Rodgers had knowledge of the origin of the fire. Auto-Owners points to Rodgers' concern that her policy might lapse. It adds that Rodgers' securing a loan a few days after the fire indicates she was in financial difficulties and had reason to want the building burned so that she could collect on her policy with Auto-Owners. The insurance company argues that these facts, when coupled with her storage of a large quantity of goods shortly before the fire, create an inference that she knew that a fire would occur. It further contends that plans Rodgers *702 referred to in her letter to her business partner were made in anticipation of the fire. It argues that these plans and Rodgers' removal of many of her personal papers from the building prior to the fire strengthen the inference that she had knowledge of an impending fire.
Certainly the fact that Rodgers obtained an extension of her policy just prior to the fire is a suspicious circumstance. Nonetheless, this fact standing alone was not sufficient to establish Auto-Owners' defense. Moreover, the jury could have inferred that Rodgers was in financial difficulty from her borrowing money shortly after the fire. Yet, it would have had to pyramid inferences to infer from this that she had knowledge that a fire was to occur. Such pyramiding of inferences is impermissible. See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960). It is also not unusual for a person to borrow money after a disaster. It is noteworthy, however, that Auto-Owners presented no evidence that Rodgers was being pressed by creditors.
The circumstances relied upon by the insurance company do not prove that Rodgers had knowledge that a fire was to occur. They are equally susceptible of other explanations. Hence, they do not prove Auto-Owners' defense. Kendle v. Viera, 321 So.2d 572 (Fla.2d DCA 1975). For example, Rodgers, who considered herself a "pack rat," said she had accumulated more merchandise than she could store at the premises. She testified that she was planning a formal opening of the store and had rented the nearby storage bins so she would have a quantity of items readily available. Moreover, at trial Rodgers explained the alleged inconsistencies in her statements regarding the bins. She testified that she had been to the storage bins as recently as the day of the fire and had rearranged things. Further, the witness who testified the bin was not as full as before could not dispute this. Thus, the testimony regarding the bins was equally susceptible of the inference that Rodgers had rearranged them as of the inference that she had entered them since the fire and had lied.
With regard to the plans Rodgers mentioned in the letter to her business partner, she testified that they were plans for eventually enlarging the structure which she and her partner had discussed before the fire. As to the evidence that she had removed important documents from the building prior to the fire, Rodgers did lose a number of important papers in the fire including her deed, cancelled checks, and photographs.
Finally, while the inconsistencies emphasized by Auto-Owners go to Rodgers' credibility, they are not material to her knowledge of an impending fire. For example, even if Rodgers did lie about not returning to the bins after the fire, this would not necessarily indicate that she had knowledge of the origin of the fire. It could just as likely reflect an apprehension that Auto-Owners would accuse her of removing items from the bins and then claiming that they were destroyed in the fire.
To establish its defense Auto-Owners had to prove that after the fire Rodgers knowingly and wilfully misrepresented facts material to the insurance company's risk. United States Fire Insurance Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921). The evidence presented by Auto-Owners was simply insufficient as a matter of law to prove that Rodgers had knowledge of the origin of the fire. Therefore, the court erred in failing to grant her motion for a directed verdict.[2]Chrysler Airtemp v. Stevens, 346 So.2d 1236 (Fla. 2d DCA 1977); Budgen v. Brady, 103 So.2d 672 (Fla. 1st DCA 1958).
Auto-Owners presented an expert witness who established Rodgers' loss at $26,680.70. In addition, Auto-Owners indicated in its brief that counsel stipulated to a damage *703 figure[3] which Auto-Owners would pay absent a valid contract defense. Counsel also stipulated that should the insurance company be found liable, interest at 6% per annum would be added to the damage figure from the date of the proof of loss.
Accordingly, we reverse the judgment of the trial court and direct it to enter judgment in favor of Rodgers for $26,680.70, together with interest at 6% per annum from the date of the proof of loss.
GRIMES, C.J., and SHAFER, ROBERT T., Jr., Associate Judge, concur.
NOTES
[1] The policy provided that:

[it] shall be void if whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.
[2] Rodgers suggests that the trial court's failure to instruct the jury as to the meaning of "material" may have caused the jury to conclude that she made "material" misrepresentations. In view of our opinion, we do not rule on this point.
[3] Rodgers requests that we direct entry of a judgment for $26,680.70 so presumably the damage figure testified to by Auto-Owners' witness is the stipulated figure.