SCHWARTZ, Judge.
The jury found that the plaintiff-appellant had been responsible for the arson which destroyed his insured property. His sole point on appeal claims the right to a directed verdict in his favor on that ques *822 tion. We conclude, to the contrary, that the circumstantial evidence amply, indeed overwhelmingly, supports both the action of the trial court in denying that motion below and the jury’s resolution of the issue. Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla.1977); Lopez v. Mechanics & Traders Ins. Co., 125 Fla. 252, 169 So. 670 (1936); see Chafetz v. Underwriters at Lloyd’s London, 332 F.2d 152 (5th Cir. 1964).
Rodgers v. Auto-Owners Ins. Co., 379 So.2d 700 (Fla.2d DCA 1980), upon which the appellant relies, is decisively distinguishable and therefore does not control. Among many other things, the record here, unlike Rodgers, shows that Lancione was actually at the scene of the fire immediately before it took place. The jury was plainly free to reject, as it did, his unsupported and highly dubious “explanation” of that presence. See Songer v. State, 322 So.2d 481 (Fla.1975).
Affirmed.