PER CURIAM.
Appellant was charged with carrying a concealed weapon and trafficking in cocaine, violations of sections 790.02 and 893.-135, Florida Statutes (1983), respectively. He entered a nolo contendere plea to the charges, specifically reserving the right to appeal the trial court’s denial of his motion to suppress evidence obtained from a search of an automobile. Appellant appeals only his conviction of trafficking. We hold that the trial court did not err in denying appellant’s motion which was dis-positive of his trafficking charge.
The police clearly had probable cause to believe the automobile contained, and was being used to transport, contraband. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Adoue v. State, 408 So.2d 567 (Fla.1981); State v. Gillum, 428 So.2d 755 (Fla. 2d DCA 1983). See also § 933.19(1), Fla. Stat. (1983) (specifically adopting, as the law of Florida, the law set forth in Carroll v. United States).
We disagree with appellant’s argument that the automobile was not “movable” and therefore did not meet the exigent circumstances requirement of Chambers. The mere fact that the automobile was in a garage being repaired did not preclude the trial court’s apparent determination that there were exigent circumstances. The record shows that the repairs were about to be completed and that a friend of appellant was arriving shortly to take possession of the car.
Therefore, we affirm appellant’s conviction for trafficking in cocaine.
AFFIRMED.
SCHEB, C.J., and CAMPBELL and LE-HAN, JJ., concur.