PER CURIAM.
The appellant appeals a final judgment forfeiting his boat and equipment which were seized by agents of the appellee on Monday, May 2, 1983. The final judgment reads in part as follows:
“Upon stipulation of the parties, Sergeant McGilvary was qualified as an expert witness in the law enforcement aspects of drug smuggling. McGilvary’s testimony revealed that while on patrol on the date of seizure, he noticed an improper registration letter displayed upon the boat’s hull as it sat docked and unattended at Marina Biscayne on the Rickenbacker Causeway. Upon closer inspection, the smell and sight of marijuana residue became obvious and the boat was immediately seized, boarded and searched.
On board the boat, McGilvary found marijuana residue scattered throughout the boat. Burlap fibers were also found within the scattered residue. McGilvary also testified that imprints of objects matching the dimensions of marijuana bales were found clearly impressed upon the surface of the cabin’s carpet and upholstery. Cans of motor oil were found bearing a price tag from Lightb-ourne Marina in Nassau, the Bahamas.
According to McGilvary, the Yaesu FT 77 ham radio installed aboard the seized boat is a tool of the smuggler’s trade because it is used for communication over great distances and not a proper marine radio. McGilvary testified to seizures of the same kind of radio in other boats used in smuggling operations. According to the witness, an empty CB walkie talkie box, found on the vessel, revealed that a walkie talkie was probably utilized for communication over short distances.
The marijuana residue was field-tested and tested at the lab. Both tests proved positive. The suspected burlap fibers proved to be burlap under lab analysis.
The Defendant’s only witness, Luis Concepcion, testified that he bought the boat for $37,800 in cash. The ham radio was installed by Concepcion for his use even though he did not possess an FCC license for its operation. It should be noted that Concepcion’s occupation is that of an Electronics Technician.
Concepcion testified that the boat developed mechanical trouble late on Friday afternoon while a test run was being made. As a result, according to Concepcion, he left the boat at the marina Friday without notifying anyone at the marina and did not return to the marina until Monday when the boat had already been seized.
Concepcion's testimony conflicted with that of Officer McGilvary who checked the boat out at the time of seizure and found no mechanical difficulty whatsoever.
If the boat had malfunctioned on Friday afternoon, its stolen use in a smuggling operation over the weekend would have been highly unlikely. The boat was also brand new, having been purchased on April 25, 1983. The engine’s hour meter showed eight hours at the time of seizure.
Although it was elicited under cross exam that a very small amount of marijuana residue was collected and submitted for lab analysis, the Court is persuaded by all of the evidence (including circumstantial) that the boat in question was used to transport one or more bales *1136 of marijuana where marijuana residue, burlap fibers and bale impressions were found throughout the boat. The boat’s condition, upon seizure, can hardly be described as one leading to the conclusion that someone had scattered his own personal (less than felony amount) stock of marijuana throughout the hull. Moreover, there is convincing evidence that the boat was used in a long distance smuggling operation from the Bahamas and, consequently, marijuana was transported into the waters of the State of Florida. Section 893.13(l)(d), Florida Statutes, states in part that:
‘It is unlawful for any person to bring into this state any controlled substance unless the possession of such controlled substance is authorized....’
Section 893.13(l)(d) makes it a felony of the third degree to bring into the state any amount of a controlled substance as listed per § 893.13(l)(d)(2) and § 893.-03(l)(c).
Section 932.702 makes it unlawful to transport any contraband article upon any vessel. Section 932.703(1) allows for the forfeiture of any vessel and other personal property which has been used in violation of § 932.702. ‘Contraband article’ as used in the Florida Contraband Forfeiture Act means:
‘Any controlled substance as defined in Chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of Chapter 893.’
From both the direct and circumstantial evidence admitted, it can be reasonably inferred that the subject of this proceeding was used to transport marijuana into the water of Florida. In light of all the evidence, no other conclusion seems reasonable. As stated in Kendle v. Viera:
‘Circumstantial evidence is only competent and admissible if it tends to establish one relevant fact to the exclusion of another. If it is equally susceptible of two opposing inferences it is probative of neither; and its value, or competence, as evidence is therefore nil.’ 321 So.2d 572 (Fla. 2d DCA 1975).
Section 932.703(2) states that no property shall be forfeited if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.
The boat owner testified that he was forced to leave the boat at the marina late Friday afternoon and yet there was no one on the premises by whom he could make arrangements for securing the boat. Despite the fact that the owner did not work over the weekend, he did not call or visit the marina to ensure the safekeeping of his property during the weekend.
Officer McGilvary testified that the boat functioned without difficulty and yet the owner said he left it at the marina because of mechanical malfunction. It was also brought out that a Yaesu ham radio is a popular radio within the drug smuggling industry. Concepcion admitted he had no FCC license for its use and that he bought and installed the radio.
Accordingly, the Court does not find the owner’s testimony credible.
Plaintiff has shown through competent substantial evidence that there is probable cause that the boat was illicitly used within the meaning of the forfeiture statute.
Concepcion, as owner, failed to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated. Concepcion did not carry his affirmative burden by establishing that he ‘neither knew nor should have known after a reasonable inquiry’ that the boat was being used in a smuggling importation operation. Indeed, Concepcion offered no explanation to rebut the Plaintiff’s evidence that the radio installed by Concepcion is a tool of the smuggler’s trade. Concepcion admitted he could not call *1137 other mariners, including the U.S. Coast Guard or Florida Marine Patrol with his radio. See Section 932.703(2), Florida Statutes. Also, see In Re App. 48,900 Dollars In U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983).
Insofar as Defendant’s affirmative defense of illegal search and seizure goes, the Court finds it to be without merit since both Sergeant McGilvary and Officer Perez testified that marijuana was present, in plain view, throughout the interior and exterior of the boat’s thirty-six feet of length. Also, a strong odor of marijuana emanated from the boat. It should be recalled that McGilvary approached the boat because of an improper registration letter.
Civil forfeiture proceedings are quasi-criminal in nature. As a result, evidence uncovered in violation of the Fourth Amendment must be excluded from consideration. In Re Forfeiture of 48,900 Dollars In U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983).
However, evidence is admissible in light of the fact that the seizing officer saw and smelled marijuana residue without even boarding the boat. Thus, McGilvary had probable cause to search the boat without a search warrant. Gomez v. State, 402 So.2d 1239 (Fla. 3rd DCA 1981).”
The appellant urges that the trial court erred in denying his motion to dismiss the forfeiture proceeding because the search and seizure of the boat was conducted without a warrant and no exception to the warrant requirement applies, there is no evidence to demonstrate that he knew or should have known that the boat was employed or likely to be employed in a criminal activity, and the amount of marijuana recovered was a misdemeanor amount and therefore the boat is not subject to forfeiture under Section 932.703(1), Florida Statutes (1983). We find no merit in the appellant’s contentions, Adoue v. State, 408 So.2d 567 (Fla.1981); Hendrix v. State, 456 So.2d 494 (Fla. 2d DCA 1984); Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983); In Re Forfeiture of 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981); Gomez v. State, 402 So.2d 1239 (Fla. 3d DCA 1981), and therefore the final judgment of forfeiture be and the same is hereby affirmed.
Affirmed.