# STATE OF FLORIDA v JOHNSON

## Case No. 1-87-1492

County Court, Indian River County, Florida

December 9, 1987

**APPEARANCES OF COUNSEL**

**Wendy White,** Assistant State Attorney, for plaintiff.

**Katherine R. Hammond,** Assistant Public Defender, for defendant.

## OPINION OF THE COURT

DANIEL M. KILBRIDE, County Judge.

THIS CAUSE came on for hearing before the Court on Defendant, ROAN A. JOHNSON'S Motion to Suppress filed pursuant to Fla. R. Crim. P. 3.190(H0(1). The Court having determined that the motion was legally sufficient, heard evidence, reviewed the memoranda of law submitted by counsel, and being fully advised in the premises, finds as follows:

1) The essential facts are not in dispute:

On Wednesday, August 12, 1987, at 11:48 A.M., at the Vero Beach Police Department Dispatch Operator Joan Flowers received a telephone call from James Kennedy. She transferred the telephone call to Detective Frank DiVincenzo. Mr. Kennedy identified himself to Detective DiVincenzo and explained that he was an employee of AA Muffler and that he had been working on the Defendant's car when he discovered, in his opinion, a great quantity of marijuana. Mr. Kennedy told the Detective that the marijuana was under the front seat of the car. Mr. Kennedy found the marijuana because he had to remove the Defendant's front seat in order to complete the repair of the car. Mr. Kennedy urged the Detective to get there quickly because the Defendant was almost ready to leave. It was upon this information that Detective DiVincenzo, who has 18 years experience as a police officer, 8 of which are as a narcotics detective, made his decision to act.

Detective DiVincenzo went immediately to AA Muffler. He had radioed Patrolman DeLisle to standby in the area. Upon arriving at AA Muffler, James Kennedy ran out to Detective DiVincenzo's car and pointed out the Defendant and his car. The Defendant's car was not on a rack or lift, nor was it blocked from leaving in any way. The Defendant's car was on the ground and the Defendant was preparing to drive away.

As the Defendant pulled out heading north on U.S. 1, Detective DiVincenzo radioed for Patrolman DeLisle to intercept and stop the Defendant which Patrolman DeLisle did at the 1100 block of 21st Street, Vero Beach. Patrolman DeLisle put on his lights and pulled in behind the Defendant's car. Detective DiVincenzo arrived seconds later and pulled in front of the Defendant's car. As in a standard felony takedown, the Detective covered the Defendant with his gun while Patrolman DeLisle walked up to the car and asked the Defendant to get out of his car.

The Detective asked to search the Defendant's car. The Defendant

14

consented to the search. The Detective looked under the front seat on the driver's side under which he found (8) individually wrapped packets of what Detective DiVincenzo from his experience knew to be marijuana, commonly known as "dime bags". A field test on each pack showed positive, confirming Detective DiVincenzo's identification of the substance as marijuana. At 12:00 noon, as a result of finding the marijuana, the Defendant was arrested and then taken to police headquarters where the Detective read him his rights. The Defendant agreed to talk with the Detective and admitted that he found the marijuana and kept it, hiding it under his car seat.

2) It is clear from the evidence that Defendant's arrest and subsequent statement is valid only if the initial stop and search of Defendant's vehicle was valid. This was not an investigatory stop contemplated by *Gustafson v. State*, 243 So.2d 615 (Fla. 4th DCA 1971), rev. 258 So.2d (Fla. 1972) aff'd, 414 U.S. 260 (1973) or *Terry v. Ohio*, 392 U.S. 1 (1968).

3) The issue is whether the City of Vero Beach Police Department had probable cause to stop Defendant's automobile and search it without a warrant, and without Defendant's consent.

4) In *United States v. Ross*, 456 U.S. 798 (1982), Justice Stevens writing for the majority held that pursuant to the exception promulgated in *Carroll v. United States*, 267 U.S. 132 (1925), a warrantless search of an automobile is allowed when officials have probable cause to believe the car contains contraband. Given probable cause, the scope of the search is the same as if authorized by a warrant. The Court rejected or receded from the requirement to obtain a search warrant in the absence of exigent circumstances as in *Coolidge v. New Hampshire*, 403 U.S. 443 (1971); *Arkansas v. Sanders*, 442 U.S. 753 (1979); *United States v. Cadwick*, 443 U.S. 1 (1977); and *Robbins v. California*, 453 U.S. 420 (1981).

5) In applying the *Carroll* doctrine as expounded in *Ross*, the court must analyze the information upon which the officer acted at the time of the search in order to determine if probable cause existed. In doing so, the Court must apply the "totality of the circumstances" test enunciated in *Illinois v. Gates*, 103 S.Ct. 2317 (1983).

6) The information which Detective DiVincenzo had at the time of his arrival on the scene was from a person, unknown to him, but who identified himself, who had observed marijuana under the seat of an auto he had been working on. When Detective DiVincenzo arrived at the muffler shop, the complainant identified himself to the officer and pointed out the auto and the Defendant and indicated that the

**15**

Defendant was preparing to drive away. Applying the *Gates* test to these relevant facts we find that the information was detailed as to type of substance and its location and was based on firsthand observation. This citizen complaint is entitled to a higher degree of reliability than if it had come from a police informer. *State v. Paszek,* 184 N.W. 2d 836 (Wisc. 1971). See also: *Leisure v. State,* 437 So.2d 751 (Fla. 1st DCA 1983). Therefore, the police clearly had probable cause to believe the Defendant's automobile contained, and was being used to transport, contraband and could be searched. *Hendrix v. State,* 456 So.2d 494 (Fla. 2d DCA 1984), Section 933.19(1), Fla. Stat.

Therefore, it is

ORDERED and ADJUDGED that the Defendant's Motion to Suppress Evidence is denied.

DONE and ORDERED in Chambers, at Vero Beach, Indian River County, this 9th day of December, 1987.