NIMMONS, Judge.
The defendant was charged in two separate informations with possession of a firearm by a convicted felon (Case No. 86-1-751) and possession of cannabis and paraphernalia (Case No. 86-1-752). Two search warrants were involved. The warrant and supporting affidavit pertaining to #751 dealt with suspected stolen motor vehicle parts in and about appellant’s residence. The warrant and supporting affidavit pertaining to #752 dealt with suspected illicit drugs at appellant’s residence. The firearm involved in # 751 was seized pursuant to the execution of the search warrant which dealt with the stolen motor vehicle parts, and the drugs involved in # 752 were seized pursuant to the execution of the other warrant.
No testimony was offered in support of either motion to suppress. The hearing on both motions consisted of legal arguments and the trial court’s orders of suppression were based upon the facial invalidity of the affidavits to support issuance of the warrants.
In # 751, the trial court granted suppression on the grounds that (1) the affidavit “failed to describe with particularity the items sought to be recovered, and only described the statutory citation of the alleged criminal offense” and (2) the “affidavit failed to establish the reliability of the informant or that the affiant was able to corroborate or verify the information supplied by the informant.”
At the hearing, the trial court pointed out the failure of the affidavit in support of the #751 warrant to describe the articles for which the search warrant was being sought. The following is a colloquy between the court and the prosecutor:
THE COURT: * * * Unfortunately, they didn’t get any description in the affidavit form that was signed of what the search warrant was being issued for. They put it in the search warrant itself, stolen vehicle parts and accessories of a 1987 Dodge Ram pickup. But in describing in the affidavit immediately following attachment of Exhibit A describing the premises that there is now being kept on said premises certain blank, which is being kept and used in violation of laws in the State of Florida, to wit: The laws prohibiting, and in there should have been inserted the word grand theft, but that got filled in up there where they should have put in the description of the property to be searched for, that is, stolen vehicle parts and accessories of a 1987 Dodge Ram pickup.
*543 Do you want to look at your affidavit? They haven’t described in their affidavit even in a summary shorthand form what it is that they are alleging was unlawfully upon that premises and that they were going upon there to search for. You see, they put that statutory citation in the wrong blank and left the other one blank.
MR. HILL: Yes, sir.
THE COURT: I think they had a bad day on that day on the warrant business.
MR. HILL: It appears that way, Judge.
THE COURT: I think you had a typo. Probably somebody down there that typed it up that didn’t understand filling out warrants and they just left out a vital piece of information and put the other one in the wrong place. That’s what it looks to me like happened on it.
Does the State want to be heard further on this matter before the Court rules?
MR. HILL: No, Your Honor.
THE COURT: Well, I think based on the record before the Court, I don’t have any choice but to grant the motion to suppress.
Thus, the state virtually conceded the fatal flaw in the affidavit in support of the #751 warrant. Moreover, on appeal the state does not even address this deficiency much less attempt to show us how such a deficiency can be overlooked. Understandably, the state does not assert that the supporting affidavit could be cured by the inclusion of a description in the warrant of the articles to be searched for and seized. Nor does the state argue that a search warrant affidavit so fundamentally lacking as to fail to include the above vital element can be an occasion for the application of a Leon[1] good faith exception. See Howard v. State, 483 So.2d 844 (Fla. 1st DCA 1986).
Accordingly, we affirm the order of suppression pertaining to #751 without the need to treat the other ground upon which suppression was based.
With respect to the order of suppression pertaining to the other search warrant in Case # 752, we affirm without discussion. The affidavit in support of such warrant was patently insufficient.
AFFIRMED.
THOMPSON and BARFIELD, JJ., concur.

. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. 2d 677 (1984).