575 So.2d 1317 (1991)
Sam LAMBOY and Clara Lamboy, Appellants,
v.
METRO-DADE POLICE DEPARTMENT, Appellee.
No. 90-1577.
District Court of Appeal of Florida, Third District.
February 19, 1991.
Rehearing Denied April 3, 1991.
*1318 Mechanic & Goldstein, Coconut Grove, and Paul Morris, Coral Gables, for appellants.
Robert Knabe, Miami, for appellee.
Metro-Dade Police Dept., pro se.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
Appellants, Sam Lamboy and Clara Lamboy, appeal a final order forfeiting $82,050.00 in United States currency. We reverse.
While investigating burglaries of miniwarehouses, appellee, Metro-Dade Police Department, discovered forty-five kilos of cocaine, and drug paraphernalia, in a warehouse rented by appellant Sam Lamboy. Mr. Lamboy denied knowledge of the items in his warehouse. He provided appellee with the name of another person who had access to the premises. However, it is unclear from the record whether appellee investigated that person.
Mr. Lamboy cooperated with appellee in investigating the origins of the cocaine. He told appellee that seven years prior, he was involved in cocaine transactions but he had since become an informant with the DEA. He granted appellee full permission to search his separate office and home for drugs.
No drugs were discovered as a result of the searches. However, appellee discovered a hidden compartment, in a closet, in the Lamboy home. The compartment contained jewelry, furs, and the ultimately forfeited currency.
Both Mr. and Mrs. Lamboy asserted that the items in the hidden compartment, including the currency, were owned by Mrs. Lamboy. Through uncontroverted testimony, Mr. and Mrs. Lamboy, as well as other witnesses, presented evidence explaining where the money came from. Mrs. Lamboy also testified how the money was to be used.
Appellee sought forfeiture of the currency under the provisions of sections 932.701-932.704, Florida Statutes (1989), known as the Florida Contraband Forfeiture Act. Section 932.701 provides for the forfeiture of:
Any personal property, including ... money ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation the Florida Contraband Forfeiture Act.
The Florida Contraband Forfeiture Act includes, as one of its violations, "currency ... which is being, or is intended to be *1319 used in violation of any provision of chapter 893." Chapter 893, Florida Statutes (1989) prohibits the possession of cocaine and cocaine paraphernalia.
In Lobo v. Metro-Dade Police Department, 505 So.2d 621 (Fla. 3d DCA 1987), a forfeiture case, this court held that probable cause could be established by circumstantial evidence. Such circumstancial evidence could be evaluated in light of the totality of the facts. Lobo, 505 So.2d at 623.
The totality of the facts in Lobo establishing probable cause included: (1) an alert from a trained police dog showing the presence of drugs in a duffle bag containing the money; (2) the manner in which the money was packaged, unique to drug dealers; and (3) appellant's inability to provide details of a sale which she alleged was the source of the money. Lobo, 505 So.2d at 623.
Once a trial court finds probable cause, the burden shifts to appellants:
[Once probable cause is shown] the burden then shifts to the appellant to rebut the probable cause showing, or by a preponderance of the evidence, to establish that the forefeiture statute was not violated or that there is an affirmative defense which entitles the appellant to repossession of the item.
Lobo, 505 So.2d at 623.
At the forfeiture proceedings in this case, appellee sought to establish probable cause for forfeiture based on the total amount of money, the manner packaged, the statements of Sam Lamboy, and the discovery of the drugs in the warehouse. The trial court found probable cause.
The Lamboys then presented evidence and testimony explaining that the large amount of cash was a result of Mrs. Lamboy's sale of the inventory of her business. The Lamboys presented receipts and other evidence to show that sales had taken place. In addition to the testimony of the Lamboys, a buyer testified that he had paid Mrs. Lamboy $40,000 in cash for some of the items. Nevertheless, the trial court ordered the forfeiture of the currency to appellee.
We find that the facts in this case are distinguishable from those in Lobo, 505 So.2d at 621. In this case, there is no connection shown between the money and the drugs. Even though a police dog was used, the dog did not alert to any drugs at any time during the search of appellants' home and office. At best, appellee presented testimony regarding the manner that the money was packaged. The record does not, however, support a conclusion that the packaging was "unique" to drug dealers. Lobo, 505 So.2d at 621. It was packaged in various ways: in packs with rubber bands, as well as loose, in packs by dollar amounts, as well as in mixed denominations.
Though factually different, the principles of In re: Forfeiture of $37,388.00, 571 So.2d 1377 (Fla. 1st DCA 1990) apply. In that case, money and drugs were found in a car. The money forfeited was discovered in a suitcase, separate and apart from the drugs. On appeal, the court found that there was a lack of evidence in the record to demonstrate any connection between the drugs and the money:
There is simply a dearth of evidence connecting the money with any past or anticipated drug transaction. The dog did not alert on the suitcase containing the money. There was no evidence that the bulk of the currency ... was stacked or packaged in a manner unique to drug dealers.
In re: Forfeiture of $37,388.00, 571 So.2d at 1380.
Because we find that appellee failed to show a connection between the money and the violation of Chapter 893, we find that appellee failed to meet its burden of showing probable cause for forfeiture. Lobo, 505 So.2d at 621.
Accordingly, we reverse.