657 So.2d 934 (1995)
STATE of Florida, Appellant/Cross-Appellee,
v.
James Don GLASS, Appellee/Cross-Appellant.
STATE of Florida, Appellant/Cross-Appellee,
v.
Lessie MILLENDER, Appellee/Cross-Appellant.
Nos. 93-3745, 93-4004.
District Court of Appeal of Florida, First District.
July 11, 1995.
*935 Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Bradley R. Bischoff, and Mark Menser, Asst. Attys. Gen., Office of the Atty. Gen., Tallahassee, for appellant/cross-appellee.
Stephen S. Dobson, III of Stephen S. Dobson, III, P.A., Tallahassee, for appellee/cross-appellant Glass; Edgar Lee Elzie, Jr., Tallahassee, for appellee/cross-appellant Millender.
PER CURIAM.
The State of Florida appeals a single order rendered in two related cases, as to the suppression of $18,800 in United States currency and the return of the currency to appellee, Lessie Millender.[1] Appellee James Glass and Millender cross-appeal the court's order insofar as it denied their motions to suppress cannabis seized during a search of Glass's residence.[2] We affirm on all issues raised in the appeals and cross-appeals.
The Franklin County Sheriff's Office applied for a search warrant of Glass's residence, stating in the affidavit that Glass was using the premises for the purpose of violating laws relating to possession and sale of cannabis. The affiant averred that his reason for believing the premises were being so used was that a confidential informant had bought felony amounts of cannabis from Glass at the residence. In the final paragraph, affiant asked for the issuance of a search warrant "for the search of the above described premises for the said property heretofore described, and for the seizure and safekeeping thereof."
The county judge issued a search warrant authorizing law enforcement to search the premises "for the property described in this warrant, to-wit: CANNABIS AND ALL ITEMS ASSOCIATED WITH THE POSSESSION, STORAGE, USE, AND SALE OF IT." When the search was executed, officers recovered six bags of marijuana, three scales, plastic bags, two semi-automatic pistols, a cellular telephone, and a travel case containing $18,800 in currency in approximately $1,000 increments, plus a tally sheet. Lessie Millender was at the house during the search and told the officers the money was hers and it had nothing to do with drug sales. Glass was charged with possession of paraphernalia and of cannabis with intent to sell. Millender was not charged with any offense.
The sheriff's office sent Millender a letter confirming her right to an adversarial preliminary hearing regarding the property seized, pursuant to Florida's Contraband Forfeiture Act, sections 932.701 through 932.707, Florida Statutes (1993). She answered, requesting an adversarial preliminary hearing and moved to suppress all evidence seized pursuant to the search warrant. Glass filed a similar motion to suppress in his criminal case.
The trial court initially granted Millender's motion to suppress in full, reasoning that the affidavit underlying the search warrant was insufficient, resulting in an invalid search warrant, and ordered the currency returned to Millender. At a later hearing, however, a successor judge revisited the prior order[3] and held that the cannabis was properly seized, concluding that the following portion of the affidavit, describing the laws allegedly being broken, was intended to describe the items to be seized:
[The above premises] are being used by James Don Glass a.k.a. "J.D." for the purpose of violating the laws relating to *936 controlled substances, to-wit: Possession and sale [of] Cannabis.

The court nevertheless agreed with the predecessor judge that there was no admissible evidence to support a finding of probable cause for forfeiture of the $18,800, and directed that it be returned to Millender.
Turning first to the sufficiency of the search warrant, section 933.04, Florida Statutes (1993), provides that "no search warrant shall be issued except upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized."[4] We conclude that the underlying affidavit sufficiently described cannabis so as to authorize the warrant issued upon the request of the "affidavit to search" and seize the "heretofore described" property (cannabis). Glass and Millender have asserted that this case should be controlled by State v. Phillips, 528 So.2d 542 (Fla. 1st DCA 1988). We reject that notion. Phillips, is distinguishable for in that case the defendant was suspected of committing grand theft and the affidavit at issue did not set out a description of the items of property suspected of having been stolen. In our case, cannabis was specifically set out in the affidavit.
We therefore affirm the trial court's order denying appellees' motions to suppress as to the cannabis. Further, despite the state's urging, we see no reason to reverse the trial judge's ruling that the available evidence was insufficient to support a finding of probable cause for forfeiture of the $18,800.00.
We reject the state's contention that the hearing below was merely a suppression hearing and not a hearing on Millender's motion for return to her of the currency seized. Millender noticed the state of the hearing on both her motion to suppress and her motion for an adversarial preliminary hearing. At an adversarial preliminary hearing, the trial court must determine whether the seized property is subject to forfeiture under the Florida Contraband Forfeiture Act. §§ 932.701(2)(f) and 932.703, Fla. Stat. (1993). This, the court did.
When the predecessor judge orally ruled at the hearing that all the items seized would be suppressed, the state did not attempt to offer any other evidence to support its contention that the $18,800 in currency was subject to forfeiture. It was the state's burden to establish probable cause that the currency was being used in violation of the Contraband Forfeiture Act. In re Forfeiture of $62,200 in U.S. Currency, 531 So.2d 352, 355 (Fla. 1st DCA 1988); Vessel Described as One 36 Foot Mirage v. Department of Natural Resources, 487 So.2d 1134, 1136 (Fla. 3d DCA 1986); In re Approximately $48,900 in U.S. Currency, 432 So.2d 1382 1385 (Fla. 4th DCA 1983). One can only presume that without the evidence seized below, the state must have decided that it could not establish probable cause for continued seizure of the currency and, therefore, submitted no additional evidence. Based on what had been presented, we cannot say that this was error by the trial judge in determining that the evidence presented did not provide probable cause for the retention of the $18,800.
The state nevertheless claims that the trial court could not return the currency to Millender until the county initiated a forfeiture proceeding, relying upon section 932.703(3), Florida Statutes (1993), which provides:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 45 days after the date of seizure.
(Emphasis added.) The meaning of "such property" in this provision depends upon the immediately preceding provisions in section 932.703. Section 932.703(2)(c), addressing the subject of the adversarial preliminary hearing, provides:
[T]he court shall review the verified affidavit and any other supporting documents *937 and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband.

(Emphasis added.) Once property is detained after a judicial determination that there is probable cause pursuant to section 932.703(2)(c), the court is required by section 932.703(2)(d) to order "such property" restrained by the least restrictive means. Thereafter, section 932.703(3), quoted above, limits actions for replevin of "such property." Accordingly, the replevin prohibition for "such property" in section 932.703(3) refers only to the property for which the court has ordered seizure or continued seizure under section 932.703(2)(c). Because the state made an insufficient showing of probable cause to seize the currency in the case at bar, the court did not order continued seizure; hence subsections (2)(d) and (3) were inapplicable.
Moreover, we consider that the last sentence of section 932.703(2)(c) implicitly authorized the trial court to return the seized currency to Millender. This is because the statute authorizes a court to order seizure or continued seizure only if probable cause is found. In that the state made no such showing in this case, we conclude that the only reasonable interpretation of the above statute is that the court was constrained to return the currency, after Millender had testified at the hearing, without opposition, that the property was her own.
In conclusion, we affirm the state's appeal as well as the cross-appeals of Glass and Millender.
AFFIRMED.
JOANOS and WOLF, JJ., concur.
ERVIN, J., concurs and dissents with opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority's affirmance of the trial court's order suppressing and returning the $18,800 currency to Lessie Millender. I dissent, however, from the majority's affirmance of Glass and Millender's cross-appeals, as I consider the affidavit supporting the search warrant defective, thus requiring suppression of the seized cannabis.
The majority acknowledges that both the United States and Florida Constitutions and the Florida Statutes prohibit issuance of a search warrant unless supported by an oath or affirmation establishing probable cause and describing with particularity the place to be searched and the person and things to be seized. U.S. Const. amend. IV; Art. I, § 12, Fla. Const.; § 933.04, Fla. Stat. (1993). The problem with the underlying affidavit in the case at bar is that while it named the suspect and described the laws he was suspected of violating, the premises to be searched, and the facts supporting a finding of probable cause to search, it entirely left out any statement describing the items the law enforcement officers intended to seize.
The laws authorizing searches and seizures must be strictly construed, and affidavits must meticulously conform to such statutes and constitutional provisions. Bonilla v. State, 579 So.2d 802, 805 (Fla. 5th DCA 1991). Although the majority understandably concludes that the officers were searching for cannabis, as the affiant averred that defendant Glass was suspected of possession and sale of cannabis, based upon a confidential informant's recent purchase of cannabis from Glass on the latter's premises, I do not believe that the explicit constitutional and statutory requirement of particularity permits the issuing judge to infer so essential an element when it is omitted from the affidavit.
An earlier case from this court, State v. Phillips, 528 So.2d 542 (Fla. 1st DCA 1988), is comparable. In that case, the supporting affidavit and search warrant dealt with "suspected stolen motor vehicle parts in and about appellant's residence," but the affidavit did not set forth with particularity the items sought to be recovered. Id. at 542. Accordingly, although the search warrant described the property to be seized, this court concluded *938 that the warrant was invalid, because the supporting affidavit did not include such description, which the court characterized as a "vital element" of a search warrant affidavit. Id. at 543. See also State v. Maycan, 458 So.2d 63, 64 (Fla. 4th DCA 1984) (search warrants determined invalid, because they identified the property to be seized as "`violation of law relating to narcotics or drug abuse being violated therein,'" and the court concluded that "although it might be inferred from the affidavit in support of the curtilage warrant that the officers were looking for marijuana plants, `nowhere in the affidavit do they so state.'") (emphasis added), review denied, 464 So.2d 556 (Fla. 1985). Cf. Suarez v. State, 400 So.2d 1048, 1050 (Fla. 3d DCA 1981) ("A statement of the specific crime being committed and a statement of the objects to be seized are separate (warrant) requirements... . [T]he leaving blank of the lines provided to describe the items to be seized, is a failure to describe such items at all.").
I would therefore reverse that portion of the trial court's order denying cross-appellants' motions to suppress the six bags of marijuana and certify the following question to the Florida Supreme Court:
IF AN AFFIDAVIT FOR A SEARCH WARRANT PROVIDES THAT THE AFFIANT BELIEVES THE PREMISES INTENDED TO BE SEARCHED ARE BEING USED FOR THE PURPOSE OF VIOLATING LAWS RELATING TO POSSESSION AND SALE OF CANNABIS, DOES THIS STATEMENT ALONE SATISFY THE REQUIREMENT OF SECTION 933.04, FLORIDA STATUTES, AND OF THE UNITED STATES AND FLORIDA CONSTITUTIONS, THAT THE THING TO BE SEIZED MUST BE DESCRIBED IN AN AFFIDAVIT WITH PARTICULARITY, SO AS TO AUTHORIZE THE SEIZURE OF CANNABIS?
NOTES
[1] We consolidate these appeals for the purpose of issuing one opinion.
[2] Appellees' cross-appeals are authorized by Lopez v. State, 638 So.2d 931 (Fla. 1994).
[3] Contrary to Millender's argument on appeal, the successor judge had the authority to vacate the interlocutory order of the predecessor judge upon sufficient grounds at any time before final judgment. Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970).
[4] The particularity requirement of the place to be searched and the persons or things to be seized is also found in the Fourth Amendment to the United States Constitution and Article 1, section 12, Florida Constitution.