RAMIREZ, C.J.
 

 Elba Carbajal
 
 [1]
 
 appeals the order finding probable cause in a forfeiture action for the amount of $75,781. We reverse because the money seized did not constitute an instrumentality of the charged offense.
 

 On October 22, 2009, the government seized $75,781 in United States currency from Carbajal upon entry into the United States. Carbajal failed to report that she carried in excess of $10,000 in United States currency, as required by section 896.104(3), Florida Statutes (2009). The government sought to forfeit the funds seized from her.
 

 Carbajal asserted a timely request for an adversarial probable cause hearing pursuant to section 932.703(2)(a), Florida Statutes (2009). On November 24, 2009, the trial court held an adversarial preliminary hearing.
 

 The complaint contains the following factual allegations. Carbajal first stated that she had $5,000 in United States currency. During a secondary inspection, Carbajal stated that she had $8,000. Thereafter, she wrote on the back of the currency form that she was traveling with $40,000. She then produced four envelopes that contained a total of $40,000. Upon a further search, customs discovered another two envelopes that contained $34,781, for a total of $75,781. Carbajal stated that she acquired the money from her savings and property she sold in Venezuela. She admitted that she did not declare all of the money out of stupidity and fear that she would get in trouble.
 

 It is well settled that under section 932.703(l)(a), Florida Statutes (2009), contraband may be forfeited if there exists probable cause to believe that the property was used in violation of the Florida Contraband Forfeiture Act.
 
 See State v. Glass,
 
 657 So.2d 934 (Fla. 1st DCA 1995);
 
 Lamboy v. Metro-Dade Police Dep’t,
 
 575 So.2d 1317, 1319 (Fla. 3d DCA 1991). Section 932.701(2)(a)(5), Florida Statutes (2009) defines a “contraband article” as “any personal property, including ... money ... or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.”
 

 The department argued that Carbajal’s failure to report the seized money became an instrumentality in the commission of
 
 *749
 
 the felony of failure to report pursuant to section 896.104(3), Florida Statutes (2009). The trial court evidently agreed with this proposition, and it ultimately concluded that the seized money constituted contraband.
 

 We disagree with the trial court’s finding of probable cause to maintain the forfeiture action. First, the record is devoid of any evidence that the subject funds were used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of any felony.
 

 Further, the money seized was not an instrumentality in violation of section 896.104(3). In
 
 United States v. Bajakajian,
 
 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), the United States Supreme Court addressed the meaning of the term “instrumentality.” In that ease, the claimant was arrested as she exited the United States in possession of $357,144 in United States currency.
 
 Id.
 
 at 321, 118 S.Ct. 2028. The claimant pled guilty and pursued a bench trial on the forfeiture count.
 
 Id.
 
 At issue was whether the forfeiture was punitive in nature and thereby excessive.
 
 Id.
 
 at 321-22, 118 S.Ct. 2028. Although the issue of proportionality is not before us in this case, the United States Supreme Court’s commentary in
 
 Bajakaji-an
 
 about the term “instrumentality” is instructive. The Court stated in footnote 8:
 

 Although the term “instrumentality” is of recent vintage, it fairly characterizes property that historically was subject to forfeiture because it was the actual means by which an offense was committed. “Instrumentality” forfeitures have historically been limited to the property actually used to commit an offense and no more. A forfeiture that reaches beyond this strict historical limitation is
 
 ipso facto
 
 punitive and therefore subject to review under the Excessive Fines Clause.
 

 Id.
 
 at 333, 118 S.Ct. 2028 (citations omitted). Furthermore, in footnote 9, the Court explained:
 

 The currency in question is not an instrumentality in any event. The Court of Appeals reasoned that the existence of the currency as a “precondition” to the reporting requirement did not make it an “instrumentality” of the offense. We agree; the currency is merely the subject of the crime of failure to report. Cash in a suitcase does not facilitate the commission of that crime as, for exain-ple, an automobile facilitates the transportation of goods concealed to avoid taxes. In the latter instance, the property is the actual means by which the criminal act is committed.
 

 Id.
 
 at 334, 118 S.Ct. 2028 (citations omitted).
 

 Florida law is consistent with the reasoning of
 
 Bajalcajian
 
 as there is no case that supports the proposition that undeclared money becomes an instrumentality in violation of the Florida Contraband Forfeiture Act. As in
 
 Bajakajian,
 
 the money seized here was thus not an instrumentality of the offense charged, i.e. failure to report. Carbajal’s failure to report, without more, did not become an instrumentality in the commission of the felony of failure to report.
 

 The trial court then erred when it concluded that the money seized constituted contraband under section 932.703(l)(a). We therefore reverse the trial court’s finding of probable cause in this forfeiture action.
 

 Reversed.
 

 [1]
 

 . This Court notes that the correct spelling of appellant’s name is Elba Carvajal. We maintain the use of "Carbajal” for consistency purposes.