505 So.2d 621 (1987)
Samia Haddock LOBO, Appellant,
v.
METRO-DADE POLICE DEPARTMENT, Appellee.
No. 86-1778.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Peter R. Lopez, Miami, for appellant.
Thomas Guilfoyle, Miami, for appellee.
Before BARKDULL, HENDRY and JORGENSON, JJ.
BARKDULL, Judge.
This is an appeal from a final order requiring appellant to forfeit her interest in $142,795 seized from her car pursuant to section 932.704(1), Florida Statutes (1985).
Appellant, a citizen of Brazil, was stopped by Officer Romero for a traffic violation. Romero asked appellant for the car registration but she was unable to locate it. A passenger in the auto went to the trunk of the car to look. He looked through some bags in the trunk. There was a duffle bag in the trunk which he did *622 not look into. Upon the request of the officer to open the bag the passenger became quite nervous. After a second request the passenger unzipped the duffle bag revealing a large amount of cash.[1] The officer then read appellant and the passenger their Miranda rights and proceeded to question them about the money. Appellant explained that the reason she had the cash was that she had just sold an airplane at the Opa-Locka Airport. According to the officer, however, she could not provide the details of the sale, including the name of the buyer, the type of airplane she sold, and the amount contained in the bag. The passenger told him that appellant had brought the money into town to conduct some business transactions. The officer became suspicious and requested a narcotics detection dog be brought to the scene to sniff the bag. Upon arrival of the dog, a test was performed on the sidewalk adjacent to the automobile. When the dog alerted on the bag containing the money, it was impounded. No drugs were found in the car or bag. The officer, accompanied by the appellant, took the money to the station where it was counted in the appellant's presence. The duffle bag contained a total of $142,795. The cash was wrapped in rubber bands in denominations of ones, fives, tens, twenties, fifties and hundreds.
Pursuant to the provisions of Section 932.704, Florida Statutes (1985), the appellee filed a petition for rule to show cause seeking an order of forfeiture of the $142,795. After preliminary motions, the appellant answered, denying the allegations upon which the forfeiture were based and she counterclaimed seeking damages for interest and loss of use of the money which had been impounded. Issue was joined and the cause proceeded to a non-jury trial. At trial of the cause, Officer Romero testified as to the foregoing facts. The government produced Sergeant Fred Silber, an expert in money-narcotics transactions, who testified that in his opinion the currency was part of a drug transaction. The officer who handled the narcotics detection dog also testified as to how the test was performed. Appellant testified that the cash was profit from her business of selling and buying airplanes. She further testified that her Brazilian business had existed for four years, had sold about 30 planes and made an average of $25,000 annually. Regarding the $142,795, she testified that she had contracted with an Alberto Filho Llame Vazquez of Brazil to sell him a plane. The total price was $160,000 and a $7,000 down payment had been made in Brazil and the cash balance would be obtained in Miami from a man named Pablo. Pursuant to her agreement with Vazquez, the appellant testified she proceeded to Miami a couple days after the alleged sale and waited at a friend's house for the remainder of the money to be delivered by Pablo. She remained at this house about four weeks before Pablo delivered the funds. She further testified that the money had been delivered to her by Pablo, in the same duffle bag impounded by the police. No last name, address or other such identification of Pablo was given her. Appellant did not give Pablo a receipt or sign any papers regarding the money. Appellant produced documentation as to her ownership of an airplane and her authenticated certificates of registration, and air-worthiness. She presented the documents relating to the sale, and receipt for the commission for the broker who had arranged it. She could not produce the receipt for the sale to Vazquez. She also stated that she kept the money with her because she did not feel secure about leaving it in her temporary lodgings. Both the passenger and Vazquez were out of the country during trial and did not testify. The court concluded that taking the items together, no other logical conclusion could be drawn other than that the money was used for an unlawful purpose  the drug business. It entered a judgment of forfeiture finding a nexus between the cash and a chapter 893 narcotics violation and finding that appellant knew that the money was part of criminal activity.
*623 The appellant contends there was insufficient evidence to warrant forfeiture under the statute.
The state replies that this case is an in rem action and as such, guilt of the property within the statute's meaning only need be established; appellant's guilt need not be proved. Where a connection between the money and any violation of chapter 893 can be shown, the money becomes derivative contraband subject to forfeiture. Actual presence of the contraband is not the determining factor, as long as it can be shown that the property was used within the meaning of the statute. Furthermore, probable cause can be established by circumstantial evidence. An alert by a trained, experienced narcotics dog, as was the dog in this case, is in itself enough to establish probable cause for an arrest, that chapter 893 violation has occurred and that the money is itself strong evidence that it was involved in a drug transaction. Moreover, the manner in which the money was packaged, with rubber bands in stacks, is unique to drug dealers and was carried in a duffle bag. Additionally, appellant could not provide details of the sale, and her interaction with Pablo was suspect. Thus, the totality of the circumstances gave rise to probable cause in this case.
We agree with the trial court and affirm the order of forfeiture appealed herein.
The state can show probable cause for belief that the money herein is subject to forfeiture based upon a reasonable ground for belief that it was furnished or intended to be furnished in exchange for drugs. This belief must be more than mere suspicion, but it can be created by less than prima facie proof. See United States v. Four Million, Two Hundred Fifty-five Thousand, 762 F.2d 895 (11th Cir.1985); United States v. $93,685.61 In U.S. Currency, 730 F.2d 571 (9th Cir.1984); United States v. One 56 Foot Motor Yacht named Tahuna, 702 F.2d 1276 (9th Cir.1983). Probable cause for forfeiture can be established by circumstantial evidence. See Vessel Described as One 36 Foot Mirage v. State Department of Natural Resources, 487 So.2d 1134 (Fla. 3d DCA 1986); United States v. $93,685.61 In U.S. Currency, supra; United States v. $364,960 In United States Currency, 661 F.2d 319 (5th Cir.1981). The determination of probable cause in a forfeiture proceeding simply involves the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred. United States v. One 56-Foot Motor Yacht Named the Tahuna, supra. We find that under the totality of the facts presented by the state that it had in fact met its burden of establishing probable cause for forfeiture in this case. The large amount of money itself is strong evidence that the currency was intended to be furnished in return for drugs. See $93,685.61 In U.S. Currency, supra; United States v. $2,500 In United States Currency, 689 F.2d 10 (2nd Cir.1982); United States v. $364,960 In United States Currency, supra. The money in combination with the other persuasive circumstantial evidence, particularly the method of packaging the money; the fact it was carried in a duffel bag; the conflicting statements by the appellant and her passenger as to the source of the money; and the alert by the drug detection dog is sufficient here to establish probable cause.
At this juncture, the burden shifts to the appellant to rebut the probable cause showing, or by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the appellant to repossession of the item. See In re Forfeiture of Approximately Forty-eight Thousand Nine Hundred Dollars ($48,900.00) In U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983); United States v. Four Million, Two Hundred Fifty-Five Thousand, supra; United States v. Eighty-Three Thousand Three Hundred and Twenty Dollars ($83,320.00), 682 F.2d 573 (6th Cir.1982). The appellant failed to meet her burden in that she did not show her innocence in the matter. She was required to go to Miami to consummate the sale, yet she had no documentation concerning the money, and dealt with a man *624 she had never been involved with before and whom she referred to only as "Pablo". She had to wait four weeks before receiving the money, she made no arrangements to deposit or transfer it out of the United States, nor did she produce documents showing transfer of title to Vazquez or that the sale was consummated. Vazquez and the passenger did not testify. Based on her uncorroborated and self-serving testimony, the court could and did properly find that appellant had not met her burden. See In re Forfeiture 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981).
Therefore, the final judgment of forfeiture appealed herein is hereby affirmed.
Affirmed.
NOTES
[1] The appellant has not questioned the propriety of the search herein and therefore we do not reach this question.