529 So.2d 300 (1987)
Landis Joseph DEWEY, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF FLORIDA HIGHWAY PATROL, Appellee.
No. 87-408.
District Court of Appeal of Florida, Second District.
October 21, 1987.
Rehearing Denied December 4, 1987.
John Liguori, Bartow, for appellant.
Enoch J. Whitney, Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, and Debra L. Romanello of Moffitt, Hart, Rigsby & Herron, Tampa, for appellee.
PER CURIAM.
We reverse the forfeiture of $13,000 cash found in defendant's automobile following a consensual search of the automobile after defendant was stopped for a speeding violation. We conclude that probable cause did not exist that the money was illicitly used within the meaning of section 932.701(2)(e), Florida Statutes (1985).
Appellant, driving a 1974 Cadillac at 74 miles per hour, was stopped by a highway patrol trooper for speeding. While in the process of writing a ticket the trooper requested and obtained a warrant check showing that there was an outstanding warrant for appellant. The traffic citation was issued, and appellant was arrested on the outstanding warrant.
Appellant authorized the trooper to make a visual inspection of the car whereupon the trooper found a bag of coins lying on the floorboard of the driver's side. The trooper then received appellant's permission to look in the trunk of the car and was assisted by the appellant in finding the correct key to the trunk. Upon opening the trunk the trooper found therein a brown paper bag with a mason jar inside the bag. Three white envelopes were also visible on the trunk floor next to the bag, bundled together with a rubber band. The trooper then searched the interior of the passenger compartment of the car and located a marijuana cigarette and several marijuana seeds.
The trooper then inventoried the contents of the trunk and found the $13,000. The sum of $10,000 was in envelopes in the mason jar. The remaining $3,000 was in the three white envelopes which apparently had fallen out of the jar.
A canine unit was called to conduct sniffing for narcotics. The dog alerted to the passenger door, the ashtray where the seeds were found, and the armrest where the cigarette was found. Upon being placed in the trunk of the car without the bag or mason jar therein, the dog did not alert to anything. When the bag and mason jar were replaced in the trunk by the trooper, the dog was brought back and alerted on the mason jar and the money.
*301 The trooper also found within the glove box of the car a note pad. At trial a law enforcement officer testified concerning the significance of the note pad as containing coded telephone numbers of a type commonly used by drug smugglers and as containing writings possibly representing references to either quantities or prices of narcotics. There was testimony by another officer that a notation in the pad showing a bus schedule could reflect narcotics being moved through a particular bus depot which previous investigations showed had occurred. There was testimony from the officer that the bag of coins was significant because a lot of people involved in narcotics "relied tremendously on pay phones." He also testified that the way the money was found in the trunk packaged in even sums showed a "steady route ... where they are collecting payoffs." He further testified that the existence of air shocks on the car without a bumper hitch indicated that the car routinely carried heavy loads and that that is a common method of transporting large amounts of narcotics. The testimony was that the combination of the various factors justified the opinion that the car and appellant were probably involved in moving narcotics.
The Department of Highway Safety and Motor Vehicles filed a petition for a rule to show cause seeking an order of forfeiture. Appellant denied the allegations of the petition. There was a nonjury trial at which the above outlined evidence was introduced. The court entered a judgment of forfeiture.
Appellant, a 46-year-old male with long hair tied in a knot behind his head and a long beard, testified that he had abandoned a successful business and dropped out of normal society some time in the late 1960's. He said he had drifted through life for the ensuing years without steady employment or any community ties and that he relied upon part-time employment to subsist, his home being in the forests and mountains of New Mexico. His testimony was that in the past several years he had received the money as assistance from his father who wanted the son to change his lifestyle and return to normal society. He said he did not keep money in any bank and preferred to maintain his funds in the readily available form in which they were found. According to his testimony, the bag of change was kept in the car for the purpose of using public telephones since he did not own a home and had access only to public telephones.
This case involves a situation similar to, but with significant enough differences from, that in Lobo v. Metro-Dade Police Dept., 505 So.2d 621 (Fla. 3d DCA 1987). Pertinent law is outlined in Lobo. The Third District's affirmance of the judgment of forfeiture in that case was based principally upon the amount of money ($142,795) and "other persuasive circumstantial evidence, particularly the method of packaging the money [wrapped with rubber bands in stacks]; the fact it was carried in a duffel bag; the conflicting statements by the appellant and her passenger as to the source of the money; and the alert by the drug detection dog... ." Id. at 623.
On the other hand, in the case at hand the amount of money was $13,000; it was packaged differently from that in Lobo; there was no testimony as to its being carried in a paper bag or mason jar as being related to narcotics; and there was no conflicting witness as to the source of the money. The dog did not alert to the trunk of the car without the bag or mason jar therein. While the dog did thereafter alert to the mason jar and the money, that was after the bag and jar had been replaced in the trunk by the trooper who had handled the marijuana cigarette. We recognize that there was testimony that the dog would not have come to the same alert from a relatively weak scent caused by the trooper's hand, but under the circumstances of this case we do not conclude that that justified the finding of probable cause. Also, the testimony regarding the note pad as having a relationship to drugs amounted to no more than surmise, and there was nothing competent to contradict appellant's testimony that the note pad contained names and telephone numbers of people he had met in his travels and of local merchants, *302 such as a K-Mart and an auto repair shop.
We conclude that the circumstances of this case created no more than a mere suspicion of the requisite nexus between the money and criminal activity.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.