WARNER, Judge.
We reverse the trial court’s order granting summary final judgment denying forfeiture of $41,500 in currency pursuant to the Florida Contraband Forfeiture Act. The trial court’s order states:
The court finds that giving all favorable inferences to the Highway Patrol based on the evidence produced at all of the court proceedings and all of the evidence that is contained in the record, that this evidence fails to rise to the level of clear and convincing, which is the evidentiary standard to be employed in a forfeiture case necessary to defeat the motion of the claimant for summary judgment.
In determining summary judgment, the trial court may not weigh the evidence. See In re Forfeiture of 1985 4-Door Cadillac, 622 So.2d 193 (Fla. 4th DCA 1993).
Moreover, if the court in fact drew all inferences from the evidence in favor of the Department of Highway Safety and Motor Vehicles, then one of the inferences must be that the money was contraband intended to be furnished in exchange for drugs. Here, a large quantity of money was wrapped in multi-colored rubber bands, packaged in zi-ploc bags, surrounded by fabric softener, wrapped in duct tape, and hidden in the bumper of a car to which a trained narcotics dog alerted. An expert testified that the method in which the money was packaged suggested its intended use was to purchase drugs. See Lobo v. Metro-Dade Police Dep’t, 505 So.2d 621 (Fla. 3d DCA 1987). The facts of Lobo are strikingly similar to the facts of the present case. Although the court decided in Lobo only that the evidence was sufficient to establish probable cause, whether the evidence in this ease meets the higher standard of “clear and convincing” required by Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991), necessitates the weighing of facts and the credibility of witnesses, which is impermissible on summary judgment.
While a notice of cross-appeal was filed, cross-appellant has not presented any argument directed to the cross-appeal. We therefore deem that the cross-appeal has been abandoned.
Reversed and remanded for further proceedings.
FARMER and SHAHOOD, JJ., concur.