GREEN, Judge.
Charles Gregory Jones appeals the denial of his motion for the return of property seized in connection with his arrest. We affirm.
Jones was arrested and charged on two separate occasions with, among other things, possession of cocaine. On each occasion, Jones was standing on exactly the same street corner. In one case, Jones was found to be in possession of thirteen cocaine rocks and pled guilty to the same in the court below. In the instant ease, Jones was found to be in possession of a pipe containing cocaine residue as well as $320.00 in small bills, all of which were seized by the arresting officers. Jones similarly pled guilty to the charges in this case.
After his conviction on these two cases, but before the commencement of any forfeiture proceedings, Jones filed a motion for the return of the $320.00 seized from him in this case. The trial court effectively conducted an adversarial preliminary hearing, pursuant to section 932.703(2)(c), Florida Statutes (1995).[1] Over the defense’s objection, the state introduced an affidavit from one of the arresting officers which stated that the officer knew Jones to be a drug dealer. Jones testified, however, that he had earned the $320.00 cutting hair and washing cars on a street corner. When Jones could not produce any written documentation (i.e., receipts and/or pay stubs), to support his testimony, the trial court denied the motion.
Jones asserts that this was error where the state introduced no evidence to establish that this currency was the fruit of a crime. At an adversarial preliminary hearing, however, the state is required only to come forth with enough evidence to establish probable cause or reasonable grounds for the belief “that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act.” Section 932.703(2)(c). “Hearsay evidence [such as the police affidavit utilized in this case] can ... be used to establish probable cause ... although it may not serve as the basis for the forfeiture.” Medious v. Department of Highway Safety & Motor Vehicles, 534 So.2d 729, 732 (Fla. 5th DCA 1988) (citing In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA) [cause dismissed, 494 So.2d 1150 (Fla.1986) ]), rev. denied, 542 So.2d 1333 (Fla.1989).
Having determined that probable cause existed for the continued detention of the currency, the trial court was then required to “order the property restrained by the least restrictive means to protect against disposal, waste, or continued illegal use ... pending *925 disposition of the forfeiture proceeding.” § 932.703(2)(d), Fla. Stat. (1995). To the extent that the lower court’s order did not do this, it is modified accordingly.
Affirmed as modified.

. Section 932.703(2)(c) provides:
When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband. A copy of the findings of the court shall be provided to any person entitled to notice.