HAZOURI, J.
The City of Coral Springs appeals from the trial court order denying its petition for probable cause for forfeiture of a 1997 Ford Ranger Pickup Truck, VIN 1FTCR10A624VTA62475, FL Tag # U16BDE.
The City of Coral Springs (City) filed a petition for probable cause for forfeiture of a 1997 Ford Ranger Pickup Truck, VIN 1FTCR10A624VTA62475, FL Tag # U16BDE (Ford Ranger), pursuant to the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes (2000). The petition alleges that Charles Wandell (Wandell) used the Ford Ranger in the commission of the following offenses: aggravated battery on a law enforcement officer, fleeing and eluding, driving under the influence with an injury, driving under the influence and resisting an officer with violence.
In the verified affidavit attached to the petition, Officer Robert Wolsky set forth the events leading to Wandell’s arrest: On January 19, 2001, Officer Wolsky observed Wandell driving a truck westbound on Wiles Road, weaving from side to side. Wandell stopped the truck. Officer Wol-sky approached the truck and observed fresh damage to the front of the truck. Wandell stepped out of the vehicle and Officer Wolsky ordered him back into the vehicle. Wandell stood and swayed before entering the truck. He had a strong odor of alcohol and slurred speech. He refused to give the officer his registration and driver’s license. Officer Wolsky ordered Wandell out of the truck in order to perform a field sobriety test. Wandell put the truck in gear, turned the truck toward the officer and struck him on the left side, forcing him out of the way. Wandell drove off at a high rate of speed, swerving from lane to lane and refusing to stop for three marked police cars with lights and sirens on. He drove through a red light, made an illegal U-turn, drove recklessly through occupied business parking lots and finally came to a stop in a parking lot after driving over a concrete parking lot stop block. Wandell was ordered to remain in his vehicle but he fled the scene on foot. Officer Wolsky chased Wandell and directed him to the ground. He was handcuffed and arrested.
The case proceeded to an adversarial preliminary hearing to determine whether there was probable cause for forfeiture. At the hearing, the City submitted Officer Wolsky’s affidavit and indicated that he had a personal emergency and could not attend. The trial court determined there was insufficient evidence to find probable cause the vehicle was used in the commission of a felony and denied the petition for probable cause for forfeiture of the Ford Ranger.
The City argues the trial court erred when it found the evidence in the affidavit was insufficient for a finding of probable cause. We agree.
Whether the facts before the trial court are legally sufficient for a finding of probable cause is reviewed de novo. See Dep’t of Highway Safety and Motor Vehicles v. Jones, 780 So.2d 949, 951 (Fla. 4th DCA 2001)(citing Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000)).
The Florida Contraband Forfeiture Act (the Act) makes it unlawful to use *850 personal property as an instrumentality in the commission of, or in aiding or abetting in the commission of any felony. See §§ 932.701(2)(a)5., 932.702(4), Fla. Stat. (2000). Personal property may be seized at the time of violation or subsequent to violation of the Act. See § 932.703(2)(a), Fla. Stat. (2000). Following a seizure, there is a right to an adversarial preliminary hearing. See id. An adversarial preliminary hearing is defined as a hearing in which the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the Act. See § 932.701(2)©, Fla. Stat. (2000). The adversarial preliminary hearing occurs before the forfeiture proceeding at which the court or jury ultimately determines whether the subject property shall be forfeited. See §§ 932.701(2)(g), 932.704, Fla. Stat. (2000).
The purpose of an adversarial preliminary hearing is to determine whether probable cause exists to believe the property at issue was used in violation of the Act. See § 932.703(2)(b), Fla. Stat. (2000). The initial burden is on the state to show probable cause for the forfeiture. Jones, 780 So.2d 949, 951. This court in Jones relied upon the following explanation:
The determination of probable cause involves “the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation has occurred.” Medious v. Department of Highway Safety & Motor Vehicles, 534 So.2d 729, 732 (Fla. 5th DCA 1988); see also Lobo v. Metro Dade Police Dept., 505 So.2d 621, 623 (Fla. 3d DCA 1987); United States v. One 56 Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1282 (9th Cir.1983). This belief must be more than mere suspicion, but can be created by less than prima facie proof. See Lobo, 505 So.2d at 623; United States v. $$,255,000 in U.S. Currency, 762 F.2d 895, 902 (11th Cir.1985); United States v. $361,960 in U.S. Currency, 661 F.2d 319, 323 (5th Cir.1981). Probable cause for forfeiture may be established by circumstantial evidence, see Vessel Described as One 36 Foot Mirage v. State Department of Natural Resources, 487 So.2d 1134, 1136 (Fla. 3d DCA 1986), and even by hearsay evidence, see In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306, 310 (Fla. 4th DCA 1986).
Id. (quoting In re Forfeiture of One Hundred Seventy One Thousand Nine Hundred Dollars ($171,900) in U.S. Currency, 711 So.2d 1269, 1274 (Fla. 3d DCA 1998)).
Section 932.703(2)(c) sets forth what the trial court should review when making the probable cause determination:
When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband.
(Emphasis added). Although hearsay evidence cannot serve as the basis for a final judgment of forfeiture, hearsay evidence is properly admitted to establish probable cause at an adversarial preliminary hearing. See In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d at 310. Such hearsay evidence includes the police affidavit considered in this case. See Jones v. State, 681 So.2d 923, 924 (Fla. 3d DCA 1996).
Wandell’s argument that the City was required to call witnesses to testify at the *851 hearing is without merit. The above authority indicates the police affidavit was properly admitted to establish probable cause for forfeiture. Wandell does not cite to any cases holding to the contrary. Wandell’s reliance on Crepage v. City of Lauderhill, 774 So.2d 61 (Fla. 4th DCA 2000) is misplaced. Crepage addressed whether twenty-four hour notice of an adversarial preliminary hearing violated the claimant’s due process rights. This court determined that a claimant must be given reasonable notice and adequate time to prepare for examining and cross-examining witnesses and held that twenty-four hour notice was insufficient. This court did not address whether or not the attendance of witnesses is mandatory.
The City argues that the facts set forth in Officer Wolsky’s verified affidavit, sworn complaint affidavit and offense incident report show probable cause the Ford Ranger was used in the commission of three felonies: (1) aggravated battery on a law enforcement officer, (2) fleeing and eluding, and (3) resisting officer with violence.
With regards to the aggravated battery on a law enforcement officer offense, the City must show probable cause that: (1) Wandell actually and intentionally touched or struck Officer Wolsky against his will; (2) Wandell used a deadly weapon; (3) Officer Wolsky was a police officer. See §§ 784.045, 784.07(2), Fla. Stat. (2000).
Officer Wolsky indicated in his affidavit that he was acting as a law enforcement officer when Wandell put the truck in gear, turned the truck toward him and struck him on the left side, forcing him out of the way. A motor vehicle qualifies as a deadly weapon for purposes of the aggravated battery statute. See Williamson v. State, 92 Fla. 980, 111 So. 124 (1926); McCullers v. State, 206 So.2d 30 (Fla. 4th DCA 1968); Wingfield v. State, 751 So.2d 134, 135 (Fla. 2d DCA 2000); Clark v. State, 746 So.2d 1237, 1239 (Fla. 1st DCA 1999). Thus, the undisputed evidence showed probable cause that Wandell used the truck to commit an aggravated battery on a law enforcement officer.
With regards to the fleeing and eluding offense, the City must show probable cause that: (1) Wandell willfully fled or attempted to elude a law enforcement officer, (2) the officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle, (3) the vehicle had its siren and lights activated, and (4) during the course of the fleeing or attempted eluding, Wandell drove at high speed or in any manner which demonstrated a wanton disregard for the safety of persons or property. See § 316.1935(3), Fla. Stat. (2000).
In his affidavit, Officer Wolsky indicated that he ordered Wandell out of the car. However, after striking him with the truck, Wandell drove off at a high rate of speed. Wandell refused to stop for three marked police cars with lights and sirens on. Officer Wolsky observed that Wandell drove recklessly. Thus, the undisputed evidence showed probable cause that Wan-dell was in his truck when he fled and eluded police.
With regards to the resisting an officer with violence offense, the City must show probable cause that: (1) Wandell knowingly and willfully resisted or obstructed Officer Wolsky by offering or doing violence to him and (2) Officer Wolsky was a police officer. See § 843.01, Fla. Stat. (2000).
In his affidavit, Officer Wolsky indicated that he was an officer and stopped Wan-dell and ordered him out of the truck to perform a field sobriety check. Wandell resisted and obstructed Officer Wolsky by *852 striking him with the truck. Thus, the undisputed evidence showed probable cause that Wandell resisted an officer with violence.
The complaint affidavit indicates that the truck referred to by Officer Wolsky was the Ford Ranger at issue. Therefore, the undisputed evidence before the trial court showed probable cause that the Ford Ranger was used in the commission of three felonies, a violation of the Act. See §§ 932.701(2)(a)5., 932.702(4), Fla. Stat. (2000).
“If the state succeeds and the trial court determines that probable cause exists, then the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated.” In re Forfeiture of One Hundred Seventy One Thousand Nine Hundred Dollars ($171,900) in U.S. Currency, 711 So.2d at 1274 n. 7 (citing United States v. Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983)); Lobo v. Metro Dade Police Dep’t, 505 So.2d 621, 623 (Fla. 3d DCA 1987).
Wandell chose not to testify and presented no evidence to dispute the facts as set forth in the affidavits. Therefore, the trial court was not called upon to judge credibility or resolve conflicts in the evidence. Thus, the trial court erred when it found there was legally insufficient evidence for a finding of probable cause for forfeiture. Accordingly, the order denying the petition for probable cause for forfeiture of the Ford Ranger is reversed and the case is remanded for further proceedings.
REVERSED.
STONE and GROSS, JJ., concur.