PER CURIAM.
We reverse the trial court’s order holding that appellant “failed to establish probable cause to believe that the owner of the vehicle knew or should have known after reasonable inquiry that the vehicle was being employed or likely to be employed in criminal activity” in violation of the Florida Contraband Forfeiture Act (§§ 932.701-932.707, Fla.Stat.(2004)). Whether the facts presented are legally sufficient to *1023 support a finding of probable cause pursuant to the Act is reviewed de novo. City of Coral Springs v. Forfeiture of 1997 Ford Ranger Pickup Truck, 803 So.2d 847, 849 (Fla. 4th DCA 2002). We have held that “establishment of ‘probable cause to believe that the property was ... used in violation of the Florida Contraband Forfeiture Act’ requires, among other things, a preliminary showing of a basis for belief that the owner knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.” In re Forfeiture of 1993 Lexus ES 300, 798 So.2d 8, 10 (Fla. 1st DCA 2001). Our review of the record satisfies us that the evidence presented at the adversarial preliminary hearing was more than sufficient, as a matter of law, to satisfy that requirement.
The Order Finding No Probable Cause is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ERVIN, WOLF and WEBSTER, JJ., concur.