909 So.2d 956 (2005)
The STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Oscar HOLGUIN, Appellee.
Nos. 3D04-2584, 3D04-2236.
District Court of Appeal of Florida, Third District.
August 31, 2005.
*957 Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellant.
Frederick C. Sake, Miami Beach; John H. Lipinski, for appellee.
Before RAMIREZ, CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The State of Florida Department of Highway Safety and Motor Vehicles ("State") appeals from an adverse final judgment in which the trial court found no probable cause that money seized during a traffic stop was used in connection with the purchase and/or sale of illegal narcotics when a narcotics-detection K-9 unit dog ("dog") alerted to the seized money but no drugs were ever found. We reverse.
Oscar Holguin ("Holguin") was stopped for speeding on Interstate 95 by a Florida Highway Patrol trooper ("trooper"). When the trooper approached the car, he smelled recently-burned marijuana. He asked Holguin if he had been smoking marijuana and Holguin admitted that he had been smoking earlier in the day. It was established that Holguin was not under the influence of any controlled substance at the time of the stop. Holguin produced a valid New York State driver's license, and when the trooper asked if he could search the car, Holguin consented.
Upon searching the car, the trooper found a plastic bag containing a pair of shorts. In a pocket of the shorts, he found $17,600 rolled into packs of bills, separated in denominations of $20, $50, and $100. Holguin told the trooper that he had won the money in a lawsuit, and was on his way to purchase a condominium on Miami Beach.
Suspicious of drug activities, the trooper requested that a narcotics-detection dog be brought to the scene. The dog was trained to alert to the smell of unburned marijuana, cocaine powder, crack, and ecstasy. *958 The dog alerted to the aforementioned plastic bag and to an empty box in the trunk of Holguin's car. The trooper then placed several items, including the empty box and money, in plastic sleeves on the side of the road. The dog only alerted to the sleeve containing the money.
No drugs were ever found in the car or in the possession of Holguin, either by the trooper or the dog. Nevertheless, the trooper seized the money in question, claiming that he had probable cause to do so.
In June 2004, the State filed a verified complaint for probable cause and a final order of forfeiture against Holguin. On July 27, 2004, an adversarial preliminary hearing was conducted. As evidence, the State submitted an affidavit by Dr. Stefan Rose, M.D. ("Dr.Rose"), an expert in clinical pathology and forensic toxicology. The affidavit stated that, based on the trained dog's reaction, the money in question had recently been in close proximity to a significant amount of narcotics. The expert's affidavit explained that the dog alerted to the odor of methyl benzoate, a by-product of the illicit manufacture of cocaine. Dr. Rose explained that, although methyl benzoate is a liquid that typically evaporates in a matter of hours, he "would expect that currency involved in the recent transaction of significant amounts of illicit cocaine and bundled would retain the odor of methyl benzoate for days and weeks after the exposure."
The trial court found that there was no nexus between the seized money and any narcotics which would create probable cause. The State appeals this ruling.
The issue presented is whether there was sufficient probable cause that the seized money was used for the sale and/or purchase of contraband, based on the totality of the circumstances. We review this case de novo. See Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Melendez v. Sheriff of Palm Beach Co., 743 So.2d 1145, 1147 (Fla. 4th DCA 1999).
The Florida Contraband Forfeiture Act provides, in pertinent part:
(a) "Contraband Article" means:
1. Any . . . currency . . . that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893 ... if the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.
§ 932.701, Fla. Stat. (2004). Generally, Chapter 893 of the Florida Statutes provides that it is a violation to purchase and/or sell illegal narcotics. §§ 893.01-.20, Fla. Stat. (2004). Thus, if the money seized from Holguin's car could be shown to be reasonably linked to narcotics activity, based on the totality of the circumstances, the money would be a "contraband article" subject to forfeiture. Once a showing of probable cause has been made, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish either that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item. Lamboy v. Metro-Dade Police Department, 575 So.2d 1317, 1319 (Fla. 3d DCA 1991)(citing Lobo v. Metro-Dade Police Dep't, 505 So.2d 621, 623 (Fla. 3d DCA 1987)).
In support of its position, the State relies on Lobo, where seized and forfeited money was shown to be a "contraband *959 article." Lobo, 505 So.2d at 623. In Lobo, a suspect and his passenger were stopped by a police officer for a traffic violation. In attempting to locate the vehicle registration, the officer requested that the passenger open a duffle bag that was in the trunk. The passenger became nervous and only opened the bag after a second request by the officer. The bag contained $142,795, wrapped with rubber bands in denominations of $1, $5, $10, $20, $50, and $100. The driver and passenger gave conflicting stories as to the origin of the money. The driver claimed that she received the money from selling an airplane at Opa-Locka Airport, and the passenger stated that the driver brought the money into Miami to conduct some business transactions. The officer became suspicious and called for a narcotics-detection dog that, upon arrival, alerted to the money. The money was then impounded.
In holding that there was probable cause to seize the money, we noted that "probable cause can be established by circumstantial evidence" as the totality of the circumstances should be considered in making a probable cause determination. Lobo, 505 So.2d at 623. In considering the totality of the circumstances, we found that an alert by a trained, experienced narcotics dog coupled with the packaging of large amounts of money in rubber bands, and inconsistent explanations for the money were sufficient to give rise to probable cause. Id.
The State's burden of proof may be satisfied by the aggregation of facts, even if each fact, standing alone, may be insufficient to meet the government's burden. See United States v. U.S. Currency, $83,310.78, 851 F.2d 1231, 1235 (9th Cir.1988). To determine whether the information is sufficient, a court must "weigh not the individual layers but the `laminated' total." United States v. Nigro, 727 F.2d 100, 104 (6th Cir.1984) (citation omitted); see Fitzgerald v. Metro-Dade County, 508 So.2d 747 (Fla. 3d DCA 1987)(finding probable cause based on the totality of the circumstances where the currency was bound in bundles with rubber bands, a narcotics-detection dog alerted to the money, the individual possessed a firearm and an airline ticket in another person's name, and the individual fled from the police).
The aggregate facts in this case are: (1) the trooper detected the distinct odor of burned marijuana emanating from the vehicle; (2) Holguin admitted that he smoked marijuana earlier that same day; (3) the trooper found a plastic bag containing a pair of shorts with $17,600 in one of the pockets; (4) the currency was rolled into packs of bills, separated in denominations of $20, $50, and $100; (5) Holguin's explanation for the money was that he had won a lawsuit, and was on his way to purchase a condominium on Miami Beach; (6) a trained narcotics-detection dog twice alerted to the money; and (7) the State's expert, Dr. Rose, stated that the dog alerted to the money because it, almost certainly, had recently been in the presence of a large quantity of illegal drugs. While each one of these facts, standing alone, may be insufficient to meet the State's probable cause burden, we find that the aggregation of facts based on the totality of the circumstances is legally sufficient to satisfy the State's burden. See Lobo, 505 So.2d at 623; Fitzgerald, 508 So.2d at 750. Our decision only resolves the question of whether or not the State had probable cause to seize the money and maintain a forfeiture action; we express no opinion on whether or not these facts may be sufficient to eventually forfeit the money.
Reversed and remanded.