ORFINGER, J.
The Department of Highway Safety and Motor Vehicles (“Department”) appeals the trial court’s denial of its request for a finding of probable cause as a prerequisite to seeking the forfeiture of Peggy Frey’s car under the Florida Contraband Forfeiture Act. We affirm.
Frey was arrested for driving under the influence of alcohol (“DUI”) in violation of section 316.193, Florida Statutes (2006). Alleging that Frey had three or four prior DUI convictions in New York, the Department initiated forfeiture proceedings against Frey’s car pursuant to the Florida Contraband Forfeiture Act. The Act allows the government to seek the forfeiture of any personal property, including any motor vehicle, used in the commission of a felony. §§ 932.701(2)(a)5., 932.703(1)(a), Fla. Stat. (2006). Section 316.193(2)(b)1. makes a third DUI conviction, occurring within 10 years of a prior conviction, a felony, subjecting the violator’s car to forfeiture under the Act. See Dep’t of Highway Safety & Motor Vehicles v. Rife, 950 So.2d 1288, 1289 (Fla. 5th DCA 2007).
Frey did not request an adversarial preliminary hearing as permitted by the Act. Consequently, the Department petitioned the trial court to issue an order finding probable cause to proceed with the forfeiture proceeding pursuant to section 932.704(5)(b), Florida Statutes (2006). In support of its petition, the Department provided a verified affidavit from the trooper who arrested Frey. The affidavit stated that Frey has three or four DUI convictions in New York, and that she was driving under the influence of alcohol on the night of her arrest. However, neither the trooper’s affidavit nor the State’s petition alleged when Frey’s prior DUI convictions occurred.
The trial court denied the Department’s request for a finding of probable cause with no explanation except for a reference to two highlighted portions of the affidavit. The highlighted portions indicate that the trooper initially intended to allow one of Frey’s relatives to pick up the car, but later changed his mind, left the car on the side of the road to be towed, and initiated forfeiture proceedings.
In determining whether probable cause exists in a forfeiture proceeding, the court must consider whether the informa *201 tion provided by the State is “adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred.” Medious v. Dep’t of Highway Safety & Motor Vehicles, 534 So.2d 729, 732 (Fla. 5th DCA 1988). Consequently, we must determine if there was sufficient evidence set forth in the trooper’s affidavit to lead a reasonable person to conclude that Frey was driving under the influence on the night of her arrest, and had at least two prior DUI convictions, at least one of which had occurred within the preceding ten years.
We find nothing in the highlighted portions of the supporting affidavit that would warrant a finding of no probable cause for forfeiture of the car. Personal property subject to seizure may be seized either at the time of the violation or subsequent to the violation. § 932.703(2)(a), Fla. Stat. (2006). There is no requirement either that the property be seized immediately or that the intent to seize the property be formed immediately. That the trooper may have initially been inclined to release the car is of no legal consequence. However, forfeiture statutes are strictly construed. In re Forfeiture of One (1) 1991 Honda Prelude, 730 So.2d 334, 336 (Fla. 5th DCA 1999). Here, the absence of any indication that any of Frey’s New York DUI convictions occurred within ten years preceding her current offense fails to demonstrate that a felony occurred. The State had the burden of demonstrating that a felony occurred and failed to do so. The lack of information as to when Frey’s prior convictions occurred is fatal to the State’s claim.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.