CORTIÑAS, J.
Miami-Dade Police Department (“MDPD”) appeals the trial court’s ruling finding no probable cause at an adversarial preliminary hearing in furtherance of a civil forfeiture motion. We reverse.
The underlying case arose when two Miami-Dade police detectives (collectively “detectives”) stopped a vehicle for having illegally tinted windows. The vehicle, later discovered to be rented, was driven by the sole occupant, Cedric Davenport (“Davenport”). As the detectives approached, they detected a strong odor of raw marijuana emanating from the vehicle. A search revealed a baggie that contained approximately one gram of marijuana on the floor of the rear passenger seat. In addition, in the vehicle’s center console, detectives discovered a black plastic bag with $10,000 in cash. The $10,000 was secured with rubber bands, in “quick count bundles,” a packaging method commonly used in the narcotics trade, and separated by denomination into groups of hundred, fifty, twenty, ten, and five dollar bills.
Davenport was placed under arrest for possession of marijuana. The search of Davenport’s person incident to the arrest uncovered an additional $5,000 in his right front pocket and $875.51 in his left front pocket. A trained narcotics canine was brought to the scene, and positively alerted to the odor of narcotics from the currency. Davenport told the detectives he acquired the currency through his role as an owner of a lawn service business, and had intended to use the entire amount to purchase a vehicle. However, Davenport was unable to provide detectives with the type or location of the vehicle, nor produce any proof or further explanation as to his purported lawn service business.
In July 2010, MDPD filed a motion for civil forfeiture of the $15,875.51 pursuant to the Florida Contraband Forfeiture Act. §§ 932.701-706, Fla. Stat. (2009). In conjunction therewith, an adversarial preliminary hearing was conducted whereby the trial court entered an order that no probable cause existed to maintain the forfeiture action, and ordered the return of the seized currency along with the payment of $500 in attorney’s fees to Davenport’s attorney. MDPD appeals this ruling.
An adversarial preliminary hearing conducted in furtherance of the Florida Contraband Forfeiture Act requires the court to make a determination as to wheth *597 er sufficient probable cause exists to sustain the forfeiture proceeding in question. The plain language of section 932.703(2)(c), Florida Statutes, mandates, in pertinent part:
When an adversarial preliminary hearing is held, the court shall ... determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act.
§ 932.703(2)(e), Fla. Stat. (2009). “Quite simply, under this unambiguous language, ‘[i]f law enforcement establishes [at the adversarial preliminary hearing] probable cause to believe that the property was used in violation of the [Forfeiture] Act, the court shall authorize the seizure or continued seizure of the property.’ ” Gomez v. Vill. of Pinecrest, 41 So.3d 180, 186 (Fla.2010) (quoting Gomez v. Vill. of Pinecreset, 17 So.3d 322, 326 (Fla. 3d DCA 2009)). In furtherance of the plain statutory language, the Florida Supreme Court has recently reiterated that “[a]t the seizure stage, a seizing agency is required to establish only probable cause that the property subject to forfeiture was used in violation of the [Forfeiture] Act.” Id. at 188. Therefore, at the seizure stage of the forfeiture proceeding, “[t]he determination of probable cause ... simply involves the question of whether the information relied upon by [MDPD] is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation ha[s] occurred.” Lobo v. Metro-Dade Police Dep’t, 505 So.2d 621, 623 (Fla. 3d DCA 1987).
In order to establish probable cause, the Florida Contraband Forfeiture Act requires that the article seized be considered a “contraband article,” which is described, in part, as:
Any ... currency that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893, if the totality of the facts presented to the state is clearly sufficient to meet the state’s burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.
§ 932.701(2)(a)l, Fla. Stat. (2009) (emphasis added). “Generally, Chapter 893 of the Florida Statutes provides that it is a violation to purchase and/or sell illegal narcotics.” State Dep’t of Highway Safety & Motor Vehicles v. Holguin, 909 So.2d 956, 958 (Fla. 3d DCA 2005). In addition, courts have consistently held that seized property does not have to be traced to any specific violation or violations, but rather reasonably linked to an illegal narcotics activity. See id. at 958-59; Lobo, 505 So.2d at 623-24; see also § 932.701, Fla. Stat. (2009). “Thus, if the [currency] seized ... could be shown to be reasonably linked to narcotics activity, based on the totality of the circumstances, the [currency] would be a ‘contraband article’ subject to forfeiture.” Holguin, 909 So.2d at 958; see also Lobo, 505 So.2d at 623 (“The state can show probable cause for belief that the money herein is subject to forfeiture based upon a reasonable ground for belief that it was furnished or intended to be furnished in exchange for drugs.”).
Furthermore, courts have consistently upheld that “[t]he State’s burden of proof may be satisfied by the aggregation of facts, even if each fact, standing alone, may be insufficient to meet the government’s burden.” Holguin, 909 So.2d at 959 (citation omitted). As the totality of the circumstances should be considered, “[p]robable cause for forfeiture can be established by circumstantial evidence.” *598 Lobo, 505 So.2d at 623. Therefore, “[t]o determine whether the information is sufficient [to establish probable cause], a court must ‘weigh not the individual layers[,] but the ‘laminated’ total.’ ” Holguin, 909 So.2d at 957-59 (quoting U.S. v. Nigro, 727 F.2d 100, 104 (6th Cir.1984)).
This case is very much like Holguin, where one factor alone did not rise to the level of probable cause, but the totality of the-circumstances clearly established probable cause to proceed with a forfeiture action. Id. In Holguin, during a traffic stop, a police officer discovered the odor of burned marijuana radiating from the stopped vehicle. Id. at 957. The defendant admitted to the police that he had smoked marijuana earlier that same day. Id. A subsequent search revealed $17,600 cash in a pocket of a pair of shorts that was separated by denomination into groups of hundred, fifty, and twenty dollar bills. Id. The defendant told police that the $17,600 was proceeds from a lawsuit, and were to be used to purchase a condominium, facts which were not verifiable. Id. Suspicious of drug activities, the police brought a trained narcotics canine to the scene, and twice alerted to the currency. Id. at 958. The State later filed a motion for forfeiture in reference to the $17,600. Id. At the adversarial probable cause hearing, expert testimony was presented that a positive alert by a trained narcotics canine indicated that currency almost certainly has recently been in the presence of a large quantity of illegal narcotics. Id. On appeal, we held that even though narcotics were not found in the vehicle to provide a direct link between the seized currency and narcotics activity, the aggregate facts were sufficient “to meet the State’s probable cause burden ... based on the totality of the circumstances.... ” Id. at 959; see also Lobo, 505 So.2d at 623 (holding probable cause was met based on the aggregate facts on the totality of the circumstances, wherein a narcotics detection canine made a positive alert to seized currency which was packaged in rubber bands and the defendant gave the police inconsistent explanations as to the money).
The totality of circumstances presented here is more than sufficient to support a finding of probable cause to sustain a forfeiture proceeding. The otherwise uncontroverted aggregate factors include the following: (1) a traffic stop based on the illegal tint of the windows of a rented vehicle, which was driven by its sole occupant, Davenport; (2) based on experience, police detected the distinct odor of raw marijuana emanating from the vehicle; (3) a search of the vehicle uncovered a baggy in the back seat of the vehicle which contained marijuana; (4) a black plastic bag containing $10,000 in cash was discovered in the vehicle’s center console; (5) a search incident to arrest uncovered additional currency in the amount of $5,000 in Davenport’s right front pocket and $875.51 in his left front pocket; (6) the currency was in “quick count bundles” commonly carried by drug dealers; (7) a trained narcotics detection canine alerted to the odor of raw marijuana on the currency, indicating that the currency had recently been in close proximity to a significant amount of illegal narcotics; and (8) Davenport gave an inconsistent explanation as to the source and use of the currency.
“While each one of these facts, standing alone, may be insufficient to meet [MDPD’s] probable cause burden, we find that the aggregation of facts based on the totality of the circumstances is legally sufficient to satisfy [MDPD’s] burden.” Holguin, 909 So.2d at 959. Therefore, probable cause existed for MDPD to seize the currency and maintain a forfeiture action.
Reversed and remanded.