# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-88
Lower Tribunal No. 14-30731
_____

**Miami-Dade County, etc.**
Appellant,

vs.

**Forfeiture of $26,474.00 In U.S. Currency, etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Erik Morales, for appellant.

Angel Troche, in proper person.

Before SHEPHERD, C.J., and WELLS and SUAREZ, JJ.

SUAREZ, J.

Miami-Dade County appeals the trial court's finding of no probable cause with respect to a portion of its in rem forfeiture Complaint, which was filed after

the required time for requesting an Adversarial Preliminary Hearing by any other party. The Complaint involved $26,474.00 in currency and the contents of a safe deposit box ($20,012.00). The trial court found no probable cause as to the contents of the safe deposit box. We reverse.

The forfeiture proceedings arose out of a long-term narcotics investigation. As part of the investigation, an individual sold methamphetamines to undercover officers and was later arrested. After the arrest, the individual waived his Miranda rights and stated that he had additional narcotics at his home. The individual also gave consent to search his residence. During the search of his residence, the individual provided police with the key to a safe in his closet, which contained, among other things, three "quick count" bundles of currency, two of $10,000 – all in $100 bills – and the other of $6,000, and the key to a safe deposit box. The individual was provided with a Notice of Seizure advising of the intent to institute forfeiture proceedings against the currency found in the residence and on his person.

A search warrant was later issued for the safe deposit box. It was found to contain $20,012.00 in cash in two "quick count" bundles of $10,000 – all in $100 bills, a $10 bill and a $2 bill. Another Notice of Seizure was provided to the individual advising him of intent to institute forfeiture proceedings as to those

2

funds. The individual was charged with trafficking and possession, but did not respond to the County's notices.

Because there was no response to the Complaint, the County's sworn allegations to those facts were the evidence before the trial court that the currency was used, attempted to be used or intended to be used in felony narcotics transactions. The County eventually filed an ex-parte motion for determination of probable cause/petition for judgment of forfeiture. The trial court issued an order finding probable cause as to the currency found in the home, but finding that the County did not have probable cause as to the contents of the safe deposit box.

Whether the facts presented are legally sufficient to support a finding of probable cause pursuant to the Florida Contraband Forfeiture Act, Sections 932.701-932.707, Florida Statutes (2013), is reviewed *de novo*. Fla. Dept. of Highway Safety v. Forfeiture of 2002 Ford F-350 Pick-up Truck, 905 So. 2d 1022 (Fla. 1st DCA 2005).

As stated in City of Coral Springs v. Forfeiture of 1997 Ford Ranger Pickup Truck, 803 So. 2d 847 (Fla. 4th DCA 2002):

> The determination of probable cause involves the question of whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation has occurred. This belief must be more than a mere suspicion, but can be created by less than prima facie proof. Probable cause for forfeiture may be established

by circumstantial evidence, and even by hearsay evidence.

Id. at 850, internal citations omitted. See also In re Forfeiture of one Hundred Seventy-One Thousand Nine Hundred Dollars ($171,900) in U.S. Currency, 711 So. 2d 1269, 1274 n.8 (Fla. 3d DCA 1998) and In re Forfeiture of 1993 Lexus ES 300, 798 So. 2d 8, 10 (Fla. 1st DCA 2001)(holding that Contraband Forfeiture Act requires a "preliminary showing of a basis for belief that the owner knew, or should have known after reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.").

Section 932.701(2)(a) 1. specifically directs courts to consider the totality of the circumstances when determining probable cause in that it defines a "Contraband article" as "Any . . . currency . . . that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893, if the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction." (e.s.) Miami-Dade Police Dept. v. Forfeiture of $15,875.51, 51 So. 3d 595, 598 (Fla. 3d DCA 2011) ("One factor alone did not rise to the level of probable cause, but the totality of the circumstances clearly established probable cause to proceed with forfeiture."),

citing State Dep't of Highway Safety & Motor Vehicles v. Holguin, 909 So. 2d 956, 957-59 (Fla. 3d DCA 2005). See also U.S. v. 57,500 in U.S. Currency, No. 03-60598, 2004 WL 3751472 (S. D. Fla. April 27, 2004) ("Proceeds of illegal activity for which the government has probable cause to seek forfeiture and that are contained in a safe deposit box, are subject to forfeiture.").

Based on the above-cited cases, our review of the record shows that the totality of the circumstances in the evidence presented to the trial court was sufficient, as a matter of law, to satisfy the requirement that there is probable cause to warrant a reasonable belief that the currency in the safe deposit box was connected to criminal activity. The Order finding no probable cause as to the contents of the safe deposit box is reversed, and the case remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED, with directions.