# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1809
Lower Tribunal No. 20-23864
_____

**The State of Florida,**
Appellant,

vs.

**In Re: Forfeiture of $133,888.00 in U.S. Currency,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Katherine Fernandez Rundle, State Attorney, and Adam C. Korn, Assistant State Attorney, for appellant.

No appearance for appellee.

Before LOGUE, SCALES and GORDO, JJ.

GORDO, J.

The State of Florida appeals the trial court's order denying its application for seizure pursuant to the Florida Contraband Forfeiture Act. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). The State argues the trial court erred in denying its application as the evidence presented was sufficient to establish probable cause based on the totality of the circumstances. We agree, reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

This seizure proceeding arose out of a Financial Crimes Strike Force investigation involving narcotics trafficking, gold smuggling and money laundering near the Seybold building in Downtown Miami. As part of the investigation, detectives conducted surveillance on three individuals in a black vehicle. Two of the vehicle's occupants were seen entering and leaving two businesses in the Seybold building, while handling bundles of U.S. currency, which they retrieved from an Adidas bag located in the vehicle.

A few hours later, the vehicle pulled into a condominium complex. The driver, identified as Nicolas Forero, got out of the driver's seat and retrieved the Adidas bag from the trunk. Detectives walked towards Forero in an effort to engage in a consensual encounter. As the detectives identified themselves to Forero, he immediately placed the Adidas bag on the ground

and voluntarily told detectives the bag contained cash. Forero stated the bag contained "around $130,000" in cash, he did not own the currency and was instructed by a friend named "Diego," who lives in Colombia, to deliver it to a person named "Angelica." The detectives also interviewed the other two occupants of the vehicle, who both stated the currency did not belong to them and could not explain the purpose of the currency.

Shortly thereafter, a certified drug-detection canine was called to sniff the bag. The canine alerted to the bag containing the currency, signaling it had recently been in contact with narcotics. Despite not being its owner, Forero consented to a physical search of the bag. The bag contained $133,888.00 in U.S. currency comprised of bundles of twenty-dollar bills wrapped in rubber bands. The currency was then impounded, and Forero and the other passengers were served with notice of the seizure.

Pursuant to the Florida Contraband Forfeiture Act, the State filed an application for order determining probable cause and a sworn affidavit by Investigator Joseph Guell, a twenty-eight-year veteran of the Miami-Dade Police Department trained in money laundering and illegal narcotics investigations. In his affidavit, the investigator described how the alert from the certified drug-detection canine indicated that the currency had been in close or actual proximity to a significant amount of narcotics. He further

detailed the manner in which the currency was packaged is commonly used in the narcotics trafficking trade as "quick count" bundles, which is a method used by money launderers during money laundering and narcotics transactions.

No response to the application was filed. The trial court denied the application, stating the affidavit did not establish probable cause for the seizure of the currency. [1]

This appeal followed.

## LEGAL ANALYSIS

A trial court's order determining whether the facts presented are "legally sufficient to support a finding of probable cause pursuant to the Florida Contraband Forfeiture Act . . . is reviewed de novo." Miami-Dade Cnty. v. Forfeiture of $26,474.00 in U.S. Currency, 172 So. 3d 455, 457 (Fla. 3d DCA 2015). Under the Florida Contraband Forfeiture Act, section 932.701, Florida Statutes, probable cause is established where the State can show that under "the totality of the facts presented . . . [it had] probable cause to believe that a nexus exists between the article seized and the narcotics

---

[1] We note that the detectives' interaction with the suspects involved in this case began as a consensual encounter and at no time has anyone raised a Fourth Amendment challenge related to the search of the bag or encounter with the suspects in these forfeiture proceedings.

4

activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction." § 932.701(2)(a)(1), Fla. Stat.  The State must show, "the information relied upon . . . is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred." Lobo v. Metro-Dade Police Dep't, 505 So. 2d 621, 623 (Fla. 3d DCA 1987); Dep't of Highway Safety & Motor Vehicles v. Frey, 965 So. 2d 199, 200–01 (Fla. 5th DCA 2007).  The State's reasonable belief must be "more than mere suspicion, but it can be created by less than prima facia proof."  Lobo, 505 So. 2d at 623.   Probable cause may also be established by circumstantial evidence.  See id.

In Lobo, this Court found that a "large amount of money . . . in combination with . . . the method of packaging the money [in quick count bundles]; the fact it was carried in a duffel bag; the conflicting statements by the appellant and her passenger as to the source of the money; and the alert by the drug detection dog" was sufficient to establish probable cause.  Id. Additionally, we have considered an owner's inconsistent explanations as to the source and use of the currency a persuasive factor in determining probable cause exists.   See Miami-Dade Police Dep't v. Forfeiture of $15,875.51, 54 So. 3d 595, 598 (Fla. 3d DCA 2011) (using an owner's explanation that the currency came from his lawn business, and he was

using it to buy a car, as a factor for determining probable cause existed because the owner could not describe the type of car or produce proof of the lawn business); State Dep't of Highway Safety & Motor Vehicles v. Holguin, 909 So. 2d 956, 959 (Fla. 3d DCA 2005) (considering an owner's unsupported statement that he obtained the currency in a lawsuit, and was on his way to purchase a condominium on Miami Beach a factor for finding probable cause existed).

It is the State's burden to prove probable cause, which may be "satisfied by the aggregation of facts, even if each fact, standing alone, may be insufficient to meet the government's burden." Holguin, 909 So. 2d at 959. The State argues that the facts here are enough to establish probable cause of a nexus between the seized money and illegal narcotics activity. We agree.

The facts attested to by the officer supporting the probable cause application are as follows: (1) questioning conducted pursuant to an investigation involving narcotics trafficking, gold smuggling and money laundering; (2) the large amount of currency found in an Adidas bag, which was previously kept in the trunk of a vehicle; (2) the currency was packaged in "quick count" bundles commonly carried by drug dealers; (3) a certified drug-detection canine alerted to the currency, indicating it had recently been

6

in close or actual proximity to a significant amount of narcotics; (4) Forero claimed that he was delivering the money to a woman for a Colombian friend but could not provide any identifying information; (5) Forero failed to explain why the money was being delivered to a residence rather than a business; (6) all three of the vehicle's passengers had inconsistent or non-existent explanations for the source of the currency; and (7) all three of the vehicle's passengers denied ownership of the currency.

While each of these facts, standing alone, may be insufficient to meet the State's burden, we find the aggregation of these facts based on the totality of the circumstances sufficient to satisfy the State's burden. Accordingly, we reverse the trial court's order denying the State's application for determining probable cause for seizure and remand the case for further proceedings.

Reversed and remanded.